CHARLES R. MILLIKEN and others *vs.* KATE H. DOCKRAY.

Cumberland.    Opinion January 27, 1888.

*Equity practice.*

A defence that may be interposed in an action at law cannot be invoked as a cause for relief in equity.

ON appeal by the defendant.

The opinion states the case.

*William L. Putnam*, for plaintiffs.

We do not deem it necessary to discuss the facts, as we think this is clearly one of the class of cases in which the court will not set aside the findings of the court below, on matters of fact.

" It is not enough for the appellant merely to raise a doubt on conflicting testimony that the judgment of the court below may possibly be erroneous; the judgment of the court below is assumed to be correct till the contrary is made to appear. It is not sufficient to produce a record from which it does not appear whether it is right or wrong." *The Potomac*, 2 Black. pp. 581 and 584.

Neither the facts alleged nor the facts found show an estoppel which would operate in a suit for dower. It does not appear that the complainants were unaware of the condition of the title ; but the presumption is, that they acted under a mistake of law, or took it as granted that Mrs. Dockray would not attempt so inequitable a thing as to disturb a title which they had taken for mutual benefit. We think, therefore, the only remedy was in equity.

It does not appear that the complainants were guilty of laches; and we do not understand that a claim of this sort is set up. The record shows that the complainants set up a defence to the action for dower and relied on that, and brought this bill promptly after the law in that case was determined against them. On the other hand, the record shows that Mrs. Dockray acquiesced in the rights of the complainants as now claimed, from some time in January, A. D. 1878, to October, A. D. 1883, when she brought her action of dower.

The equitable principle which underlies this decree, and is stated in the findings of the court below, is so familiar that we do not deem it necessary to trouble the court with any discussion of it. There are several other grounds on which the complainants. think the bill might have been maintained; although they are satisfied that the court at *nisi prius* placed the decision on the equity which is the simplest and clearest.

Under the doctrine of election, respondent, having elected to. claim dower, becomes in equity trustee of the residue of the personal property, to protect the owners of the fee who hold. under warranty deeds from her husband, the testator. This is a well settled principle of equity law. Story's Equity Jurisprudence, § 1083; *Firth* v. *Denny*, 2 Allen, p. 468. The principle is also fully explained in Pomeroy's Equity, § § 516, 517, 467 and 468.

In section 512 the principle by which the widow is admitted to her dower in the event of unexpected insolvency, is explained, as a concomitant of the doctrine of election.

*Harvey D. Hadlock,* for the defendant, cited: *Vattier* v. *Hinde,* 7 Pet. 252; *Crockett* v. *Lee,* 7 Wheat. 522; *Boone* v. *Chiles,* 10 Pet. 177; *Dockray* v. *Milliken,* 76 Maine, 517; *Hughes* v. *Blake,* 6 Wheat. 453; *Carpenter* v. *Prov. Wash. Ins. Co.* 4 How. 185; *Walton* v. *Hobbs,* 2 Atk. 19; *Arnot* v. *Briscoe,* 1 Ves. 97; *Cooke* v. *Clayworth,* 18 Ves. 12; *Flagg* v. *Mann,* 2 Sum. 489; *Langdon* v. *Goddard,* 2 Story, 267; *Hough* v. *Richardson,* 3 Story, 659; *Highbie* v. *Hopkins,* 1 Wash. 230; *Smith* v. *Shane,* 1 McLean, 22; *Plate* v. *Vattier,* 1 McLean,

163; *Tobey* v. *Leonard*, 2 Cliff. 40; *Parker* v. *Phetteplace*, 2 Cliff. 70; Bacon's Abr. Title "Executors and Administrators;" *Packman's Case*, 6 Coke, 293; *U. S.* v. *Walker*, 109 U. S. 265; *Beall* v. *New Mexico*, 16 Wall. 535; *Coleman* v. *Murdo*, 5 Randolph, 51; *Bank of Penn.* v. *Haldeman*, 1 Penn. & Walls, 161; *Potts* v. *Smith*, 3 Rawle, 361; *Bell* v. *Spright*, 11 Humph. 451; *Swink* v. *Snodgrass*, 17 Ala. 653; *Slaughter* v. *Fronan*, 5 Mor. 19; *Gamble* v. *Hamilton*, 7 Mo. 469; *Nason* v. *Allen*, 5 Maine, 479; *Gooch* v. *Atkins*, 14 Mass. 378; *Maxon* v. *Gray*, 1 N. E. Rep. 27 (R. I.); Story, Eq. Jur. § § 635, 690, 694; High, Injunctions, § 30; *Batchelder* v. *Bean*, 76 Maine, 375; 42 Conn. 276; 53 N. Y. 351; 76 Pa. St. 354; 23 N. J. Eq. 171; 4 Kent's Com. 305; *Steere* v. *Steere*, 5 Johns. Ch. 1; *McClellan* v. *McClellan*, 65 Maine, 500; *Walker* v. *Locke*, 5 Cush. 90.

HASKELL, J. Bill in equity to restrain the enforcement of a judgment at law awarding the respondent dower in real estate of which one of the orators is seized. 76 Maine, 517.

If the cause assigned for the relief prayed could have been interposed in defence of the action at law, the orators can have no relief in equity. *Batchelder* v. *Bean*, 76 Maine, 370.

The findings of the court below show that the title was acquired by Milliken for the benefit of himself and the other orators at the request of the respondent and for her benefit; and the court held that her conduct acted upon by Milliken created an equitable estoppel, on account of which the orators are entitled to relief.

Equitable estoppels are favored and may be interposed in an action at law. *Stanwood* v. *McLellan*, 48 Maine, 275; *Piper* v. *Gilmore*, 49 Maine, 149; *Wood* v. *Pennell*, 51 Maine, 52; *Caswell* v. *Fuller*, 77 Maine, 105; *Fountain* v. *Whelpley*, 77 Maine, 132; *Briggs* v. *Hodgdon*, 78 Maine, 514; *Davis* v. *Callahan*, 78 Maine, 313; *McClure* v. *Livermore*, 78 Maine, 390.

The grounds for relief in this case either were or might have been interposed to defeat the respondent's action of dower, and cannot be again invoked for relief in equity.

In this particular the court below erred in granting the relief prayed, and the decree must be reversed.

*Decree below reversed.    Bill dismissed without costs.*

Peters, C. J., Walton, Virgin, Libbey and Foster, JJ., concurred.