FRANKLIN MOTOR CAR COMPANY *vs.* DANIEL S. HAMILTON.

York.    Opinion February 16, 1915.

*Attachment. Mortgage. Notice. Possession. Redemption. Replevin.*
*R. S., Chap. 83, Sec. 44.   Sale.   Title.   Vendee.*

In an action by the vendor in a conditional sale made in Massachusetts against an officer who attached the property thus sold as the property of the conditional vendee, it is,

*Held:*

1.   That the conditional sale contract was a Massachusetts contract, to be construed and applied in accordance with the laws of Massachusetts.

2.   That in the absence of the proof of any statute, the rights of the parties under the conditional sale must be considered as governed by the common law of Massachusetts.

3.   That the common law of another State is presumed to be like our common law, but not like our statute.

4.   That the statute of another State is not presumed to be like our statute.

5.   That the statute of another State must be proved as a matter of fact.

6.   That at common law there is no right of redemption by a conditional vendee.

7.   That when no right of redemption is shown, the statute, R. S., Chap. 83, Sec. 45, requiring forty-eight hours' notice by the vendor before bringing suit against an attaching officer, does not apply.

On exceptions by defendant.    Exceptions overruled.

This is an action of replevin, brought by the Franklin Motor Car Co., a Massachusetts corporation, against Daniel S. Hamilton, for an automobile.    The contract for the sale of said automobile was made, executed and delivered in Massachusetts.    Plea, general issue with brief statement.    At the conclusion of the evidence, the presiding Justice directed the jury to return a verdict for the plaintiff, which they accordingly did and assessed damages at one dollar.    The defendant filed and had allowed exceptions to said direction.

The case is stated in the opinion.

*Leroy Haley*, for plaintiff.

*Cleaves, Waterhouse & Emery, Louis B. Lausier, and Clinton C. Palmer*, for defendant.

SITTING: SAVAGE, C. J., SPEAR, KING, BIRD, HANSON, JJ.

SAVAGE, C. J. The plaintiff bargained an automobile to one Welch. Welch was to pay in instalments. The title was to remain in the plaintiff until the instalments were fully paid, and the plaintiff was to have the right to take immediate possession on default of payment of any instalment. The contract was in writing. It was made and to be performed in Massachusetts. A default in payment was made and two days afterwards this action of replevin was brought against the defendant, a deputy sheriff who had previously attached the automobile as the property of Welch, the conditional vendee. The plaintiff gave the defendant, before suit, no notice of his claim and the true amount thereof. The presiding Justice directed a verdict for the plaintiff, to which direction exceptions were taken.

Such a contract is a conditional sale. The title does not pass till performance of the condition, and in case of default or non-performance, the vendor may repossess himself of the goods, not only as against the vendee, but also as against his creditors claiming to hold them under attachments. *Peabody* v. *Maguire*, 79 Maine, 572. But in this State, by statute, R. S., Chap. 113, Sec. 5, under such a contract of conditional sale, made here, the conditional vendee has a right of redemption, as in case of chattel mortgages. As to redemption, it is considered as a mortgage. And when there is a right of redemption, the statute gives an attaching creditor the right to discharge the claim by payment. R. S., Chap. 83, Sec. 44. But the claimant, that is, the mortgagor or conditional vendor, cannot maintain an action against an attaching officer for the property, unless he has given at least forty-eight hours' notice of his claim and the true amount thereof. R. S., Chap. 83, Sec. 45. This provision is to give the officer or creditor, within the time limited, an opportunity to discharge the claim by payment. Such is the law as to Maine contracts.

But the contract in question is admittedly a Massachusetts contract, made in Massachusetts, and to be construed in accordance with the laws of that State. Nevertheless, the defendant contends that the requirement of our statute for forty-eight hours' notice before suit applies, just as if it were a Maine contract. He relies upon *Gross* v. *Jordan*, 83 Maine, 380. In that case this court held that where by the statutes of another State it is provided that the vendee in a conditional sale of personal property shall have the right of

redemption, that provision becomes a part of a conditional sale contract made in that State; and that when the property is redeemable in that State, it is redeemable here.   And under such circumstances, the court held further that the statute requiring forty-eight hours' notice to the officer before suit was applicable.

But the difficulty with the defendant's contention is this.   In the case of *Gross* v. *Jordan,* the court appears to have had the foreign statute before it as a part of the case.   The statute was quoted, and it gave a right of redemption.   In this case we do not have the statute of Massachusetts, if there is any now, before us.   None was offered at the trial.   It is well settled that the law of another State is to be proved as a matter of fact.   *McKenzie* v. *Wardwell,* 61 Maine, 136. There is a presumption that the common law of another State is similar to our own.   *Tllexan* v. *Wilson,* 43 Maine, 186; *Insurance Co.* v. *Plummer,* 70 Maine, 540.   There is no presumption that the common law or the statute of another State is like our statute.   *Carpenter* v. *G. T. Ry.,* 72 Maine, 388; *Jowett* v. *Wallace,* 112 Maine, 389.   One who relies upon a foreign statute must prove it.

In their brief, counsel for defendant quote from an 1882 statute of Massachusetts, but that does not make it a part of the case.   It was not offered in evidence.   It is not in the record.   And it is patent that the court have no authority to go outside the record and consider facts not in it.   And this includes foreign statutes.   We cannot consider this statute, even if we could presume that it had remained unamended since 1882, which we cannot.

The plaintiff offered the testimony of a Massachusetts lawyer, found by the presiding Justice to be qualified as an expert, and showed by him that the Massachusetts law does not require such a contract of conditional sale to be recorded, as the statute of this State does.   R. S., Chap. 113, Sec. 5.   But no inquiry was made as to the right of redemption.

It follows that the right of redemption under this contract must, in this case, depend upon the common law of Massachusetts, which is presumed to be like our own.   At common law there was no right of redemption by a conditional vendee.   The vendee, like a mortgagor of chattels, was remediless at law, unless he performed the condition of his contract.   Such a mortgagor could not redeem after breach. *Flanders* v. *Barstow,* 18 Maine, 357;   2 Hilliard on Mortgages, 4th Ed. 559.   It is the statute only which gives such a mortgagor the right of

redemption. So it is the statute only which gives a conditional vendee the right to redeem. The situations are entirely analogous. In each case, in the absence of a statute to the contrary, the parties must stand upon the terms of their contract.

The result is that no right of redemption being shown by Massachusetts law, none can be presumed here. And there being no right of redemption shown, as there was in *Gross* v. *Jordan,* supra, our statute requiring forty-eight hours' notice before suit does not apply.

The direction of a verdict for the plaintiff was right.

*Exceptions overruled.*