## Louisa Killion, Appellee, v. Modern Woodmen of America, Appellant.

### (Not to be reported in full.)

Appeal from the Circuit Court of Fulton county; the Hon. HARRY M. WAGGONER, Judge, presiding. Heard in this court at the April term, 1916. Affirmed. Opinion filed October 13, 1916. *Certiorari* denied by Supreme Court (making opinion final).

## Statement of the Case.

Action by Louisa Killion, plaintiff, against the Modern Woodmen of America, defendant, to recover as beneficiary under a certificate of membership issued by the defendant. From a judgment for plaintiff for $2,100, defendant appeals.

TRUMAN PLANTZ, GEORGE G. PERRIN and CHIPERFIELD & CHIPERFIELD, for appellant.

HARVEY H. ATHERTON and M. P. RICE, for appellee.

MR. JUSTICE GRAVES delivered the opinion of the court.

## Abstract of the Decision.

1. APPEAL AND ERROR, § 1709*—*when consideration of error is waived by counsel in brief.* Where the defendant's attorney in his brief on appeal stated that the entire case depended upon a certain issue, *held* that another issue which it had been given notice in the trial court that it would rely on as a defense was eliminated from the case.

2. INSURANCE—*when burden of proving change of beneficiary in mutual benefit certificate is on defendant.* In an action on a benefit certificate where the defense was that the plaintiff, who was originally named as beneficiary, was not entitled to recover because the member had changed the beneficiary before his death, *held* that the burden of proving such contention was on the defendant.

*See Illinois Notes Digest, Vols. XI to XV, and Cumulative Quarterly, same topic and section number.

3. INSURANCE, § 827*—*when attempt to change beneficiary in mutual benefit certificate is ineffectual.* Where a member in good standing in a fraternal benefit society wishing to change the beneficiary of his certificate, instead of filling out a blank provided by the society for that purpose partially filled out a blank form to be used only in case a suspended member wished to be reinstated, so that the certificate, as filled out, stated that the membership had been terminated by a suspension, that his certificate had been lost or destroyed, that he could not find it, that he had not transferred or assigned it and that it was not, to his knowledge, held by any person, but the blank to be signed by the clerk of his own camp was not signed by the clerk, nor was a blank form affidavit to be filled out and signed in case the former blank was not signed by any one, and such document was not honored by the head camp when sent to it, *held* that the member did not pursue the course pointed out by the society to effect a change of beneficiary, and that such attempt was ineffectual to accomplish such purpose.

4. INSURANCE, § 894*—*when evidence as to the usual course of business of insurance company in changing beneficiaries is inadmissible.* In an action to recover on a benefit certificate issued by a fraternal benefit society, where the defense was that the member had substituted another than the plaintiff as beneficiary, *held* that it was not error for the court to refuse to allow the defendant to prove its usual course of business in changing beneficiaries which was contrary to its by-laws, rules and regulations, which, by its notice of special defense, it had formally asserted governed the manner of effecting such change.

5. EQUITY, § 60*—*inapplicability of equitable maxim to actions at law.* The equitable rule that looks upon that as done which should have been done cannot be employed in actions at law.

6. INSURANCE—*when evidence as to why new certificate was not issued upon change of beneficiary in mutual benefit certificate is inadmissible.* In an action on a benefit certificate issued by a fraternal benefit society, where the defendant claimed that the plaintiff was not entitled to recover as another had been substituted as beneficiary, although a new certificate had not been issued, *held* that it was not error for the court to refuse to allow the defendant to show why the head clerk of the society had not issued the new certificate, as the material fact to be established was what was or was not done and not why the certificate was not issued.

*See Illinois Notes Digest, Vols. XI to XV, and Cumulative Quarterly, same topic and section number.