## Etta Clark

*vs.*

## Metropolitan Life Insurance Company.

## Hancock.   Opinion December 20, 1926.

*Where provisions of statute are to be read into an insurance policy, the statute, if of another state, must be proved.   The Court has no authority to go outside the record and consider facts not in it, and this rule includes foreign statutes.*

*While a court of equity will decree that to be done which ought to have been done, yet this equitable rule can not be employed in defense of action at law.*

*Where procedure and rules relating to change of beneficiary are intended only for the benefit of the company and may, therefore, be waived by it, yet this does not give to the insuring company the privilege of destroying vested rights of a third party by waiver.*

In the instant case the change in beneficiary has never been made in accordance with the terms of the contract, the insured is long since dead, and at his death the right of his widow as named beneficiary in the policy is vested;

On report.   An action to recover under a life insurance policy issued by defendant company April 28, 1923, and payable to the insured on April 28, 1943, if then living, but in the event of the death of the insured before that date, the policy was payable to the plaintiff the wife of the insured.   Just before the death of the insured which occurred on April 13, 1924, an attempt was made to change the beneficiary in the policy from the plaintiff, the wife of the insured, to Blanch Clark, mother of the insured, to whom the policy was paid. The cause was heard by the Court with jury waived and at the close of the evidence, by agreement, was reported to the Law Court for final determination.

· Judgment for the plaintiff.

The case fully appears in the opinion.

*D. E. Hurley,* for plaintiff.

*George E. Thompson and Ross St. Germain,* for defendant.

SITTING: WILSON, C. J., PHILBROOK, DUNN, DEASY, STURGIS, BARNES, JJ.

PHILBROOK, J. This is an action at law, in assumpsit, to recover the amount due under the terms of an insurance policy issued by the defendant, and in which the plaintiff, now widow of the insured, was named as the beneficiary. After a jury waived hearing, by consent of the parties, the presiding justice reported the case to the law court for final determination.

The policy was written with express right of the insured to change the beneficiary, and to designate a new one "by filing written notice thereof at the home office of the company, accompanied by the policy for suitable indorsement. Such change shall take effect upon the indorsement of the same on the policy by the company and not before." The policy was dated April 28, 1923. On April 2, 1924, using a blank form furnished by a local agent of the company, but not printed on, nor attached to, the policy, the insured directed that his mother, Blanche M. Clark, was thereafter to be the beneficiary. This direction was delivered to the local agent, but the policy was not so delivered, and, in fact, the policy remained in the hands of this plaintiff, or in the hands of Fannie Lovell, mother of the plaintiff, until after the death of the insured.

The insured, Earl R. Clark, died April 13, 1924, and the proceeds of the policy were paid to his mother May 21, 1924. The plaintiff, claiming that no change of beneficiary was legally and properly made before the death of the insured, brings this action to recover the same proceeds.

In view of the positions taken by the parties, and the authorities cited by counsel, we deem it proper to briefly discuss the following propositions: I. To what class of life insurance does the policy involved belong? II. The form of action by which the plaintiff seeks to enforce her rights. III. The terms of the contract as to change of beneficiary. IV. Sufficient action on the part of the insured to effectuate such change. V. Waiver of such action by the insuring company.

I. Life insurance is known by different names, according to the nature of the terms and conditions of the different forms of contracts or policies. *Knott* v. *Security Mutual Life Ins. Co.*, 161 Mo. App.

579, 144 S. W. 178. We are here concerned with the distinguishing differences between assessment insurance policies and that class of policies known as old-line. In *Haydel* v. *Mutual Reserve Fund Life Ass'n (C. C.)* 98 F. 200, the court held that assessment insurance is where the benefit to be paid is dependent upon the collection of such assessments as may be necessary for paying the amounts insured. "In other words," said the court, "it is assessment insurance if payments to be made by the insured are not fixed—unalterably fixed— by the contract. On the contrary, an old-line policy is a·contract where the amount to be paid by the insured is fixed, the premiums to be paid are unalterable, and the liability incurred by the defendant company is also fixed, definite, and unchangeable." This rule is in harmony with the decisions of many of our state courts, and may be safely declared to be settled law.

The policy was offered as Plaintiff's Exhibit 1, and admitted without objection. Although it was not printed as an exhibit, yet the declaration states that a copy thereof was annexed to, and made part of, the declaration, and such copy is so annexed. Apparently the parties, in making up the record, did not deem it necessary to increase the expense by printing the policy as an exhibit. From this copy it is plain that the contract of insurance was in the form of an old-line policy, so that the rights of the parties must be determined by application of the law governing old-line policy contracts. The reason for referring to this point is because counsel have cited many authorities where decisions have been rendered in cases which arose under assessment policies, most of which embody statutory provisions of the state from which they derive their charter, and hence are not pertinent to cases of old-line insurance. Moreover, where provisions of statute are to be read into an insurance policy, the statute, if of another state, must be proved, for it is well settled that the statutes of another state are to be proved as a matter of fact, and he who relies upon a foreign statute must prove it. The court has no authority to go outside the record and consider facts not in it, and this includes foreign statutes. *Franklin Motor Car Co.* v. *Hamilton*, 113 Me. 63, 92 A. 1001. In the case at bar the defendant company was chartered by the statutes of New York, but those statutes were not proved, and we have no right to presume that a New York statute is similar to any statute in our own state, nor to inject, or try to inject, the statutory law of New York into the decision of this case. We must

interpret the contract as we find it, and declare the rights of the parties in the light of that interpretation.

II.    The form of action by which the plaintiff seeks to enforce her rights.    As we have above stated, this is an action at law, and not a proceeding in equity, so that certain equitable rules invoked, and decisions rendered in equity suits, are not applicable to the decision of cases on the law side of the court.    We are now referring especially to the doctrine that a court of equity will decree that to be done which ought to have been done.    This equitable rule cannot be employed in actions at law.    *Killion* v. *Modern Woodmen*, 202 Ill. App. 525, sustained by the Supreme Court on certiorari.    It is doubtless settled law in this state that equitable estoppels may be interposed in an action at law (*Milliken* v. *Dockray*, 80 Me. 82, 13 A. 127, and cases there cited), but in the case at bar none of the elements of equitable estoppel exist.    The rights of these parties, so long as the action continues to be an action at law, depend upon the contract, as guaranteed by its terms, and upon legal principles applicable thereto.

III.    The terms of the contract as to change of beneficiary.    Those terms expressly state that the beneficiary may be changed "by filing written notice thereof at the home office of the company, accompanied by the policy for suitable indorsement.    Such change shall take effect upon the indorsement of the same on the policy by the company and not before."    How can plainer language be used in a contract?    The place where the indorsement must be made and the time when the indorsement would become effective are stipulated, yet it clearly appears from the record that the policy was either in the possession of the plaintiff, or her mother, Mrs. Fannie Lovell, from or before April 2, 1924, until after April 13, 1924; the latter date being that of the death of the insured, as we have just stated.    It was therefore a physical impossibility for the indorsement to have been made by the company between those two dates in the manner and at the place designated by the policy.    If the terms of the contract have any meaning whatever, it is plain that they have never even yet been complied with.    In other words, the change by indorsement on the policy has not yet been made, and the terms of the contract are that the change would become effective when such indorsement has been made, in accordance with the terms of the contract, "and not before."

It is urged that, where the consent of the insurer is not expressly required in the policy, or by some statute, the trend of authority seems

to treat the indorsement required, in a clause similar to the one in this case, as a mere ministerial act, which, if the insured has done all he can do to perfect the change prior to his death, an equity court if the insurer does not object, will treat as done, or regard it as waived, even after the death of the insured, on the ground that it was a mere ministerial act for the benefit of the insurer. So far as we have been able to examine the authorities presented in support of this doctrine, they are all cases rising on the equity side of the court, and none appear to have arisen in an action at law.

Our attention is particularly called to *White* v. *White* (Sup.) 194 N. Y. S. 114, a case in which the original defendant, and the defendant in the case at bar, are one and the same insurance company. That case may be easily differentiated from the instant case. The White Case was begun as a suit at law, as the present case was begun, naming the insurance company as defendant. The company made a motion of interpleader, which was duly granted, substituting as defendant one Mamie White, wife of the decedent. A supplemental complaint was served, demanding judgment against this new defendant, and a supplemental answer was made thereto, demanding equitable relief. The court said that the granting of the order, and the supplemental pleadings, changed the nature of the action from one at law to an action in equity. The court then proceeded to say that "a far more liberal rule obtains," in cases of this character in an equity court, where it is sought "to do that which the insured apparently intended to have done." Had the defendant in the case at bar proceeded as it did in the White Case, then the decision in the latter case would be entitled to great weight in deciding the case before us. But it did not so proceed, evidently preferring to adhere to its defense at law wherein the equitable principle referred to does not obtain.

IV. The terms of the contract as to change of beneficiary. These terms have been already stated, and do not call for repetition. Our own court, speaking by Mr. Justice Deasy, in *Grand Lodge, A. O. U. W.* v. *Martin et. al.*, 118 Me. 409, 108 A. 355, said that a provision in a beneficiary certificate, prescribing that substitution of a new beneficiary must be made in the presence of a designated official, is a material and substantial requirement, without conformity to which, or waiver by the member during his lifetime, no substitution can be legally effected.

In *French v. Provident Life Assurance Society of New York*, 205 Mass. 424, 91 N. E. 577, that court, speaking by Mr. Justice Rugg, said:

"The provisions of the present insurance contract plainly pointed out the way in which the beneficiary might be changed; they were clearly called to the attention of the insured, and the means were placed in her hands for complying with them. The signing of the request for such a change was, as she well knew, but one step, and that an indecisive one, in the process of substitution. Her failure to perform the other acts necessary to complete the designation of a new beneficiary rendered what she had done wholly unavailing. It was an incomplete attempt looking in that direction, which falls so far short of complying with the terms of the contract as to be of no effect. The express stipulation was that the time when a change of beneficiary would go into effect was its indorsement upon the policy.

"A mere intention on the part of the member to change the beneficiary, not acted upon in the manner required by the constitution of the association during the lifetime of the member, is ineffectual, and the first beneficiary, on the death of the member without the required steps having been taken to effect a change, acquires a vested right." *Wandell v. Mystic Toilers*, 130 Iowa, 639, 105 N. W. 448.

In the case at bar, the terms of the contract were not complied with before this suit was begun, and have not yet been performed as to place, manner, and time of performance.

V. Sufficient action on the part of the insured to effectuate the change of beneficiary. It is insisted by the defendant that, if the insured does all that he is required to do, and all that it is in his power to do, and dies, equity will declare the change complete. In 2 Joyce on Insurance, 751, it is held, as a general rule, that, if the assured has taken all necessary steps, and otherwise done all in his power to effect a change of beneficiary, and all that remains to be done is some purely ministerial duty on the part of the officers of the society, then the change will be regarded as complete.

Here again we must not overlook the fact that this action is not on the equity side of the court. But, even if we were, it is plain that the insured, in his lifetime, had not done all in his power to effect a change of beneficiary. The wife, here plaintiff, never denied her husband, in his lifetime, the privilege of physical possession of the policy so that he might send it to the New York office of the company. Indeed, she never denied that privilege to any one until death has given her vested rights therein, and then her denial was to officious persons who were hostile to those vested rights.. No fraud on her part appears. Claims of fraud and performance of all necessary steps, by the insured, are not sustained by the record.

VI. Waiver of action by the insuring company. It is claimed by the defendant that the procedure and rules relating to change of beneficiary are intended only for the benefit of the company, and may therefore be waived by it; that it did in fact waive the requirement of indorsement of change of beneficiary on the policy when it paid the proceeds thereof to the mother of the insured. If we concede the rights of the company to waive its own rights, yet it would be a strange doctrine which would hold that the company could destroy vested rights of a third person by waiver of any right which the company might claim to possess.

As we have already seen (*Wandall* v. *Mystic Toilers*), supra, under the record in this case, this plaintiff had obtained a vested right in the proceeds of the policy at the death of her husband, and the mandate must be

> *Judgment for plaintiff for the sum named in the policy, and interest thereon from date of writ.*