SCHIAVI'S MOBILE HOMES, INC.

v.

Ernest H. JOHNSON, State Tax Assessor.

Supreme Judicial Court of Maine.

July 9, 1968.

Neil L. Dow, Norway, Louis Scolnik, Lewiston, for plaintiff.

James M. Cohen, Asst. Atty. Gen., Augusta, for defendant.

Before WILLIAMSON, C. J., and WEBBER, TAPLEY, MARDEN and WEATHERBEE, JJ.

WEATHERBEE, Justice.

On Report.

The plaintiff is a Maine corporation with a principal place of business in Norway, Maine, and a sales location at Rye, New Hampshire. It sells mobile homes at retail at both locations.

Several residents of Maine visited plaintiff's New Hampshire sales location and each there selected a trailer, executed a purchase order and made a down payment. An officer of plaintiff corporation signed the purchase order "approved subject to acceptance by bank or finance company." Plaintiff agreed to deliver each trailer to the purchaser's site in Maine and to make

there the necessary connections of the utilities to it, and the purchase price included these latter transportation and connection services. Subsequently a financing agreement would be executed between the purchasers and a financing organization. In no case did a purchaser use a trailer in New Hampshire.

The defendant State Tax Assessor assessed against the plaintiff a sales tax upon each of the transactions. The plaintiff has brought a complaint setting forth an appeal from this assessment and it has been reported to us on an agreed statement of facts. It is agreed that in the event that this Court shall determine that the sales of the trailers took place in Maine, a sales tax is due in the amount of $2,595.86. If this Court determines that the sales took place in New Hampshire, the tax assessed by the defendant should be abated in the same amount.

These sales took place during the years 1962 and 1963 and there appears to be no question but that they were sales at retail, as defined by R.S.1954, Chap. 17, Sec. 2 (now 36 M.R.S.A. Sec. 1752(11)). Section 3 of this chapter imposed a sales tax on the value of all tangible personal property "sold at retail *in this State.*" (Emphasis supplied). The plaintiff was registered as a seller of tangible personal property in Maine, as Section 6 required, and was obligated to pay a sales tax upon the sale of these trailers if the sales took place in the State of Maine.

In effect at the time of sales was R.S. 1954, Chap. 185, Section 19, the Uniform Sales Act, since repealed, which read:

"Sec. 19. Rules for ascertaining intention.—Unless a different intention appears, the following are rules for ascertaining the intention of the parties as to the time at which the property in the goods is to pass to the buyer:

\* \* \* \* \* \*

"Rule 5. If the contract to sell requires the seller to deliver the goods to the buyer, or at a particular place, or to pay the

freight or cost of transportation to the buyer, or to a particular place, the property does not pass until the goods have been delivered to the buyer or reached the place agreed upon."

There does not appear from the agreed statement of facts any evidence of a "different intention" which would nullify the statutory presumption created by Rule 5. The agreed statement of facts recites:

"* * * In all cases as a necessary incident to the sale Schiavi agreed to deliver the trailer to purchaser's site. The requirement of delivery was part of the contract of sale and necessary to the completion of the transaction."

■ The application of Section 19 to the facts of this case compels the conclusion that property in the trailers passed to the buyers only upon the completion of the seller's obligation to deliver the trailers to their sites and to connect them with their utilities there. The assessment was valid.

■ Although some of the acts comprising these transactions occurred in New Hampshire, the status of the law in that state concerning the situs of a sale has not been presented to us,—specifically, whether New Hampshire law would require the judgment that title passed in New Hampshire. Our attention has not been called in briefs or argument to the existence of any pertinent statutes or decisions of that state which would require us to apply the provisions of 16 M.R.S.A. Sec. 401, the Uniform Judicial Notice of Foreign Law Act. Strout, Admr. v. Burgess, 144 Me. 263, 276, 68 A.2d 241, 12 A.L.R.2d 939 (1949); Smith v. Brown, 302 Mass. 432, 19 N.E.2d 732 (1939). There is no presumption that either the statutes or common law of another state are similar to our statutes. The presumption is that the common law of another state is similar to our own common law. Franklin Motor Car Company v. Hamilton, 113 Me. 63, 92 A. 1001 (1915); Clark v. Metropolitan Life Ins. Co., 126 Me. 7, 135 A. 357 (1926). Under our common law, as between the seller and buyer, the time at which title passed has always been considered a question of intention of the parties. J. Wallworth's Sons, Inc. v. Daniel E. Cummings Company, 135 Me. 267, 194 A. 890 (1937).

"The question whether a sale of personal property is completed or only executory, in cases between buyer and seller and where neither the statute of frauds nor the rights of third parties are involved, depends upon whether it was the intention of the parties at the time the contract was made that the title to the property should immediately pass to the buyer; and when no such intention is expressed in the contract itself, then all the facts and circumstances under which the contract was made are to be examined to discover if such an intention is the meaning of the acts of the parties. Keeping in sight always the fact that it is the real intention of the parties that is to control, courts have adopted certain rules to aid them in discovering that intention. And it is too well settled to require the citation of authorities, that where anything remains to be done to identify the particular property to be sold, or to ascertain the price to be paid for it by selecting it as to quality, and weighing or measuring it as to quantity, or where the seller is to do certain things to the property to put it in that condition or situation in which it may or ought to be accepted by the buyer, the performance of those things are to be deemed presumptively a condition precedent to the passing of the title to the buyer." Russell v. Clark, 112 Me. 160, 166, 91 A. 602, 604 (1914).

See also 46 Am.Jur., Sales, Sec. 415; 77 C.J.S. Sales § 6, c. In our view there is no conflict with the common law which would prevent our use of the statutory presumptions as to intention created by Rule 5 in determining the situs of a sale in this case.

We distinguish the decision of this court in Katz v. Johnson, Me., 220 A.2d 495

(1966) which is relied upon by the plaintiff. There, a use tax was assessed upon the plaintiff, a New Hampshire merchant, who sold carpeting to Maine residents at his New Hampshire store with delivery and installation charges included in the purchase price. We found that the assessment was null and void. However, the assessment was of a *use* tax and not a *sales* tax and the question of where the sale took place was not in issue. We decided only that the New Hampshire merchant did not "use" the carpeting in Maine during its installation within the meaning of the Sales and Use Tax Law.

Judgment for the defendant.

DUFRESNE, J., did not sit.