STATE OF MAINE                    SUPERIOR COURT
PENOBSCOT, ss                     CIVIL ACTION
                                  DOCKET NO. CV-11-188
                                  KMC - PEN- 3/29/2013


DIORIO FOREST PRODUCTS, INC.

     Plaintiff,


V.


NORTHEASTERN LOG HOMES, INC.,
OLD TOWN LUMBER COMPANY,
WARD CEDAR LOG HOMES, INC.,
WLHC, INC., WLHRE, INC.,
SJJ HOLDINGS I, LLC,
SJJ HOLDINGS, II, LLC,
SJJ OPERATIONS I, INC.,
SJJ OPERATIONS II, INC.,
JONATHAN W. FRENCH

     Defendants.


DECISION AND ORDER


     This matter was tried to the Court on March 27, 2013.
Plaintiff alleged it was entitled to relief in Count 1,
seeking by Declaratory Judgment a rescission or avoidance
of a release in favor of Mr. French. In Count 2, Plaintiff
alleges a fraudulent transfer of assets by Northeastern Log
Homes, Inc., WLHRE, Inc. and WLHC. By Count 3, Plaintiff
seeks recovery from Northeastern Log Homes, Old town Lumber
Company, Ward Cedar Log Homes, Inc., WLHC, Inc. and WLHRE,
Inc. for fraudulent misrepresentations made to Plaintiff.
In Count 4, Plaintiff seeks the imposition of a
constructive trust on all of the assets of the Defendant
corporations and that of Defendant French.


Background


     The Court finds the following facts. Defendant French
at all times pertinent to this litigation was the sole
shareholder of Northeastern Log Homes, Inc., Ward Cedar Log
Homes, Inc., Old Town Lumber Company, WLHRE, Inc. and WLHC,

1

Inc. (Joint Exhibit — hereinafter Ex. 9.) Since roughly 1998, individually and through their corporations, Mr. Diorio had dealt with Mr. French both buying and selling wood products. After 10 years, Mr. Diorio's business sold more than they brought from Mr. French and his corporations were owed a significant debt from Mr. French's corporations. The debt was in excess of $350,000. When payment was not forth coming, Plaintiff sued Mr. French, Old Town Lumber Co., Northeastern Log Homes, Inc. and Ward Cedar Log Homes and got a default judgment in Virginia in excess of $350,000. It was dated September 2, 2010.

Mr. Diorio met with Mr. French on September 29, 2010, and in exchange for payment of $100,000 from Mr. French individually, Plaintiff released Mr. French from personal liability on the Virginia default judgment. Mr. French represented to Mr. Diorio at that time that Mr. French's corporations (Ex. 9) were without any assets and likely to be going out of business and filing for bankruptcy. Mr. French represented that he, personally, could come up with no more than the $100,000.

Merchants Bank of Vermont had previously loaned Mr. French, Northeastern Log Homes, Inc., Old Town Lumber Company, WLHRE, Inc. and WLHC, Inc. a significant sum and had received as security all interests the borrowers had in their real and personal property. The debt had not been paid and the bank in seeking repayment was threatening to seize the collateral and foreclose.

At some uncertain date in October, Merchants Bank of Vermont, agreed to release their security interest and any claims against Mr. French and Northeastern Log Homes, Inc., Old Town Lumber Company, WLHRE, Inc. and WLHC, Inc., in return for a significant payment. This General Release was signed on October 20, 2010, but not delivered until the bank was paid which took place on December 8, 2010.

As part of Mr. French corporate financial problems his creditors conducted an auction of Old Town Lumber Company property in February of 2010. At that auction Jay McLaughlin and Stephen LaFreniere purchased equipment and property in Kenduskeag, Maine that had been owned by Old Town Lumber Company. Some of the machinery purchased was extremely large and when the property owner demanded that it be removed from the property, McLaughlin and LaFreniere found it necessary to invest more money to protect their initial investment in Kenduskeag. Ultimately those

2

discussions, at a time not specified, led to discussions with Mr. French and his lawyer about McLaughlin and LaFreniere purchasing the businesses of Northeastern Log Homes, Inc., WLHRE, Inc. and WLHC, Inc. (the latter being the holding and operations companies of Ward Cedar Log Homes). This purchase involved financing through Katahdin Trust Company. The evidence indicates that the dealings with Katahdin Trust and Mr. McLaughlin and LaFreniere involved them as principal borrowers and, although the commitment letters from the Bank are dated October 13, 2010, they were not signed by McLaughlin, LaFreniere and Mr. French, for the borrower corporations, until November and December of 2010 (Ex. 6,7, and 8).

Mr. McLaughlin and LaFreniere denied any prior business dealings with Mr. French or knowing that there was an outstanding amount owed to Diorio Forest Products Inc. by Ward Cedar Log Homes or Northeastern Log Homes, Inc., until after the December 8, 2010 closing[1]. At that closing, money was paid to Merchants Bank, which released its security interest in real and personal property. At the same time, Katahdin Trust loaned money to McLaughlin, LaFreniere and SJJ 1 LLC, SJJ 2 LLC, SJJ 1, Inc., and SJJ 2, Inc. which was used to fund the repayment to Merchants and provide liquidity to the SJJ business entities. Likewise, at the same time, Ward Cedar Log Homes and Northeaster Log Homes conveyed any property interest they had to the SJJ business entities.

The evidence demonstrated that as of December 8, 2010, the SJJ entities owned and operated both Ward Cedar Log Homes and Northeastern Log Homes, Inc. and continued to do business using those trade names. In exchange for Mr. French agreeing to operate Ward Cedar Log Homes and Northeastern Log Homes, Inc., Mr. LaFreniere and McLaughlin as the sole owners of the SJJ entities elected to have Mr. French continue to operate as President of Ward and Northeastern since neither McLaughlin nor LaFreniere had the time or expertise to operate either business. This arrangement lasted until October of 2012 when Mr. French was removed as President of both Ward and Northeastern due

---

[1] There was no evidence that as a result of the Virginia default judgment, Plaintiff ever perfected any security interest in real or personal property of any of the corporate defendants in 2010. There was evidence of an Execution obtained by the Plaintiff and filed in the Penobscot Registry of Deeds in 2011 (Ex. 3).

to a disagreement in management styles and unprofitable operation.

The Court finds he above as facts supported by competent evidence on the record as submitted.

## Discussion

On the evidence presented, the Court finds for the Defendants on all counts and enters judgment for the Defendants, plus mandatory costs.

1. Count 1-3:

By these count the Plaintiff seeks a declaration of the rights of the parties to the General Release, (Ex. 3), given by Plaintiff to Defendant French dated September 29, 2010. By this release agreement, Plaintiff released Defendant French from the default judgment obtained in Virginia earlier the same month against Defendant French and several other corporations. Implicit in the context of the evidence and other pleadings is a request by the Plaintiff to "unmake" this release contract based on deception rising to fraud. This argument matures in counts 2 and 3 to allegations of fraudulent transfer and out right fraud.

Initially fraud requires proof of false representations of material fact. *Maine Eye Care v. Gorman*, 2006 ME 15, ¶ 19, 890 A.2d 707. The evidence does not demonstrate that Mr. French's statements made at the end of September 2010, to induce granting of the General Release were not true concerning the dire financial status of his corporations as well as his own finances. The Court is persuaded that at the time the statements were made, they were both material and true as far as Mr. French was concerned.

Next it had to be proven that the statements made were known to be false or made with reckless disregard as to their truth or falsity. *Id.* Plaintiff's evidence does not persuade the Court on this element.

The Court is persuaded that Defendant French made his statements about the poor financial condition of Plaintiff and Ward Cedar Log Homes or Northeastern Log Homes, Inc. intending that Plaintiff rely on those statements and that

4

Plaintiff did rely on those statements in signing the release and accepting the $100,000 in full payment. *Id.*

The burden on Plaintiff to satisfy proof of fraud (counts 2 and 3) was to prove the elements by clear and convincing evidence, or in other words, that it was highly probable that there was fraud. *In Re Misty Lee H*, 529 A.2d 331, 333 (Me. 1987). On the evidence presented on the fraud counts or on the equitable Declaratory Judgment count grounded in fraud, Plaintiff has not carried its burden.

2. Constructive Trust (Count 4):

To justify imposition of a constructive trust, the burden of proof also requires clear and convincing evidence. *Gauvin v. Jones*, 481 A.2d 166, 169 (Me. 1984).

A constructive trust may be imposed to do equity and to prevent unjust enrichment when title to property is acquired by fraud, duress or undue influence. *Id.* at 168. In the broadest sense, equity, where there is no plain, complete and adequate remedy at law, will do that which ought to have been done. *Clark v. Metropolitan Life Ins. Co.*, 126 Me. 7 (1926)

While the Court can understand Mr. Diorio's skepticism about the apparent continuation of the corporations that had been looking toward bankruptcy as represented by Mr. French in September of 2010, the facts as received by the Court do not support that skepticism. Although the trade names of Ward Cedar Log Homes and Northeastern Log Homes may have continued, their corporate ownership changed. Mr. French no longer owned the corporations. The majority shareholders allowed him to run the businesses as President and compensate him with $1/3^{rd}$ ownership in the new corporations.[2] The further inference from the evidence was that Mr. French did so to the detriment of the other owners who ultimately removed him. The lack of close oversight by the majority owners may represent poor business management by them but it does not represent demonstrated fraud or deception to support an award in favor of Plaintiff as alleged.

---

[2] The inference the Court drew from the evidence that the new corporations have not shown a profit and there was no evidence of the value of the property transferred from the old corporations to the new corporations/LLCs.

5

The Entry is:

1. For the above reasons the Court finds in favor of all Defendants and against Plaintiff on all 4 counts in Plaintiff's complaint.  Only mandatory costs are awarded.

2. At the direction of the Court, this Order shall be incorporated into the docket by reference.  M.R. Civ. P. 79(a).

March 29, 2013

Hon. Kevin M. Cuddy
Justice, Superior Court

6

DIORIO FOREST PRODUCTS INC - PLAINTIFF

Attorney for: DIORIO FOREST PRODUCTS INC
KIRK D BLOOMER  - RETAINED
BLOOMER LAW OFFICE, PA
326 STATE STREET
BANGOR ME 04401


vs
NORTHEASTERN LOG HOMES INC - DEFENDANT
C/O CURTIS KIMBALL, CLERK, P O BOX 1401
BANGOR ME 04401
OLD TOWN LUMBER COMPANY - DEFENDANT
WARD CEDAR LOG HOMES INC - DEFENDANT
WLHC INC - DEFENDANT
C/O CURTIS KIMBALL, CLERK, P O BOX 1401
BANGOR ME 04401
WLHRE INC - DEFENDANT
C/O CURTIS KIMBALL, CLERK, P O BOX 1401
BANGOR ME 04401
SJJ HOLDINGS I LLC - DEFENDANT
C/O CURTIS KIMBALL, CLERK, P O BOX 1401
BANGOR ME 04401
Attorney for: SJJ HOLDINGS I LLC
CHARLES COX  - RETAINED
COX LAW OFFICE
220 ELM STREET
PO BOX 327
NEWPORT ME 04953-0327

SJJ HOLDINGS II LLC - DEFENDANT
C/O CURTIS KIMBALL, CLERK, P O BOX 1401
BANGOR ME 04401
Attorney for: SJJ HOLDINGS II LLC
CHARLES COX  - RETAINED
COX LAW OFFICE
220 ELM STREET
PO BOX 327
NEWPORT ME 04953-0327

SJJ OPERATIONS I INC - DEFENDANT
C/O CURTIS KIMBALL, CLERK, P O BOX 1401
BANGOR ME 04401
Attorney for: SJJ OPERATIONS I INC
CHARLES COX  - RETAINED
COX LAW OFFICE
220 ELM STREET
PO BOX 327
NEWPORT ME 04953-0327

SJJ OPERATIONS II INC - DEFENDANT
C/O CURTIS KIMBALL, CLERK, P O BOX 1401
BANGOR ME 04401

SUPERIOR COURT
PENOBSCOT, ss.
Docket No  BANSC-CV-2011-00188

DOCKET RECORD

Attorney for: SJJ OPERATIONS II INC
CHARLES COX  - RETAINED
COX LAW OFFICE
220 ELM STREET
PO BOX 327
NEWPORT ME 04953-0327


JONATHAN W FRENCH  - DEFENDANT
52 ASPEN RIDGE ROAD
GLENBURN ME 04401
Attorney for: JONATHAN W FRENCH
CURTIS KIMBALL  - RETAINED
RUDMAN & WINCHELL
84 HARLOW ST
PO BOX 1401
BANGOR ME 04402-1401


Filing Document: COMPLAINT                    Minor Case Type: DECLARATORY JUDGMENT
Filing Date: 11/02/2011

## Docket Events:

11/10/2011 FILING DOCUMENT - COMPLAINT FILED ON 11/02/2011

11/10/2011 Party(s):  DIORIO FOREST PRODUCTS INC
           ATTORNEY - RETAINED ENTERED ON 11/02/2011
           Plaintiff's Attorney: KIRK D BLOOMER

11/10/2011 CERTIFY/NOTIFICATION - CASE FILE NOTICE SENT ON 11/10/2011
           ROANNE  NADEAU , ASSISTANT CLERK

11/22/2011 Party(s):  JONATHAN W FRENCH
           SUMMONS/SERVICE - ACCEPTANCE OF SERVICE SERVED ON 11/10/2011
           ON JONATHAN FRENCH

11/22/2011 Party(s):  JONATHAN W FRENCH
           SUMMONS/SERVICE - ACCEPTANCE OF SERVICE FILED ON 11/16/2011
           Plaintiff's Attorney:  KIRK D BLOOMER
           SERVICE ON JONATHAN FRENCH

11/22/2011 Party(s):  WLHC INC
           SUMMONS/SERVICE - ACCEPTANCE OF SERVICE SERVED ON 11/10/2011
           ON WLHC INC

11/22/2011 Party(s):  WLHC INC
           SUMMONS/SERVICE - ACCEPTANCE OF SERVICE FILED ON 11/16/2011
           Plaintiff's Attorney:  KIRK D BLOOMER
           SERVICE ON WLHC INC

11/22/2011 Party(s):  WLHRE INC
           SUMMONS/SERVICE - ACCEPTANCE OF SERVICE SERVED ON 11/10/2011
           ON WLHRE INC

11/22/2011 Party(s):  WLHRE INC