## SUN LUMBER

### v.

### Marc J. LOISELLE.

Supreme Judicial Court of Maine.

Argued Jan. 2, 1991.

Decided June 14, 1991.

**214**

James L. Auddifred (orally), Saco, for plaintiff.

Laurie A. Gibson (orally), Jeffrey Rosenblatt, Berman, Simmons & Goldberg, Lewiston, for defendant.

Before McKUSICK, C.J., and ROBERTS, WATHEN, GLASSMAN, CLIFFORD, and BRODY, JJ.

GLASSMAN, Justice.

The defendant, Marc J. Loiselle, appeals from the judgment entered in the Superior Court (York County, *Cole, J.*) granting the motion of the plaintiff, Sun Lumber, for a summary judgment on its complaint on an account annexed and granting a directed verdict for Sun Lumber on Loiselle's counterclaim for malicious prosecution.[1] Loiselle contends that the court erred in granting Sun Lumber's motion for a summary judgment and in awarding Sun Lumber interest from May 8, 1988 and attorney fees. We agree with Loiselle's latter contention and direct modification of the judgment accordingly.

Marc J. Loiselle hired Winfield Wilson as a contractor for a five-unit condominium that Loiselle was building on land he owned at Carll Avenue, Old Orchard Beach. Between September and December 1987, the building materials for the condominium were purchased on account from Sun Lumber. Although Sun Lumber's account ledger identified the account as Wilson's,[2] the invoices for the material referenced the "Carll Ave. job" or "Carll Ave. O.O.B. job" and many carried Loiselle's name as well as Wilson's as the purchaser. Loiselle wrote numerous checks to Wilson that did not itemize whether they were for Sun Lumber material, other material, labor, or a combination of these items. Loiselle also wrote three checks to Sun Lumber marked "40 Carll Ave." that totalled $24,114.25. Sun Lumber subsequently sought from Loiselle the sum of $3,104.74 claimed to be owed on the account. When Loiselle refused to pay it, on September 27, 1988 Sun Lumber filed a complaint on an account annexed against Loiselle in the District Court. Loiselle removed the action to the Superior Court and filed an answer together with a counterclaim against Sun Lumber for malicious prosecution.

Sun Lumber moved for summary judgment on its complaint with supporting affidavits of its bookkeeper, and Loiselle responded with two pro se motions in opposition. After a hearing, the court granted a summary judgment for Sun Lumber and also awarded it interest from May 8, 1988 and attorney fees. Loiselle's counterclaim for malicious prosecution was then tried before a jury. At the close of Loiselle's case, the court granted Sun Lumber's motion for a directed verdict on the ground that Sun Lumber had probable cause to bring its action and that Loiselle had failed to meet his burden of showing malice, and Loiselle appeals.

■ Summary judgment may be granted if the pleadings, affidavits, and discovery materials on file show that there is no genuine issue as to any material fact and that one party is entitled to judgment as a matter of law. M.R.Civ.P. 56(c). Here, the court had before it copies of the invoices showing that a balance was due for materials in the amount of $3,104.74 and that the materials were sold to "Wilson Const." or

---

1. Loiselle concedes that if the court properly granted Sun Lumber's motion for a summary judgment on Sun Lumber's complaint the trial court properly directed a verdict for Sun Lumber on Loiselle's counterclaim. *See Larsen v. Hanscom,* 539 A.2d 627 (Me.1988).

2. Although Winfield Wilson was named as a party defendant in Sun Lumber's complaint, Sun Lumber never succeeded in serving Winfield Wilson with process, and the parties stipulated to the dismissal of Sun Lumber's claim against Wilson.

"Wilson Const. and Mark Louiselle [*sic*]" and that all materials were for the "Carll Ave. OOB job." It also had the three cancelled checks from Loiselle to Sun Lumber in the total amount of $24,014.25, dated September 29, 1987, October 23, 1987 and January 12, 1988, respectively, and the affidavits of Sun Lumber's bookkeeper as to the amount owing on the account and that Winfield Wilson and Loiselle had made the purchases.

■ When a motion for summary judgment is properly supported, then the opposing party must respond by affidavit of admissible facts from personal knowledge or by other competent evidence that presents a genuine issue of material fact. M.R. Civ.P. 56(e). We need not decide whether Loiselle's pro se opposing motions, which were signed "under the pains and penalties of perjury" but never sworn, could stand as affidavits. Loiselle did not deny an implied contract with Sun Lumber, and the court properly granted Sun Lumber's motion for a summary judgment on its complaint. *See Onat v. Penobscot Bay Medical Center*, 574 A.2d 872, 874–75 (Me.1990).

■ Loiselle properly contends that the court incorrectly assigned prejudgment interest on the account. The prejudgment interest, if any, to which Sun Lumber may be entitled, should be computed from September 27, 1988, the date when Sun's complaint was filed. 14 M.R.S.A. § 1602(3) (Supp.1990). Further, the record suggests that some portion of Sun Lumber's account may include interest as "service charges." On remand the court may hold an evidentiary hearing if required to determine the reasonableness of any prejudgment interest charges claimed by Sun Lumber. *Sawyer v. Walker*, 572 A.2d 498, 500 (Me.1990); 14 M.R.S.A. § 1502-D (Supp.1990).

■ There is no statutory authority nor is there anything in the record to suggest that Loiselle either undertook a contractual obligation to pay attorney fees or engaged in such tortious conduct as would permit an exception to the "American Rule" that each party pays his own fees. *See Bank of Maine, N.A. v. Weisberger*, 477 A.2d 741, 744–45 (Me.1984); *Barber v. Inhabitants of Town of Fairfield*, 460 A.2d 1001, 1008 (Me.1983). Accordingly, the court had no authority to grant attorney fees to Sun Lumber.

The entry is:

Judgment vacated. Remanded to the Superior Court for entry of judgment in favor of Sun Lumber in the amount of $3,104.74 together with interest, if any, to which Sun Lumber may be entitled in accordance with the opinion herein.

McKUSICK, C.J., and WATHEN and BRODY, JJ., concur.

CLIFFORD, Justice, with whom ROBERTS, Justice, joins, dissenting.

I respectfully dissent. The Superior Court did not indicate the basis upon which it granted summary judgment. The Court affirms the summary judgment on the basis of implied contract. Contrary to the Court's assertion, however, Loiselle, denies the existence of any contract with Sun Lumber and denies that he owes any money.[3]

Summary judgment is an extreme remedy to be cautiously invoked, especially when the basis of a claim is implied contract proved by evidence of a course of conduct between the parties. *Wallingford v. Butcher*, 413 A.2d 162, 165 (Me.1980). "We find it difficult to imagine a real-life situation in which a 'course of dealing' between the parties can upon motion for summary judgment be properly postured to eliminate issues of fact. An evidentiary exploration of the 'course of dealing' must necessarily involve all communications written and oral as well as the action of the parties in reliance thereon." *Id.*

3. Loiselle's pro se opposing motions, signed "under the pains and penalties of perjury," state that Loiselle did not have a contract or transact business with Sun Lumber, that not all of the materials purchased from Sun Lumber by Winfield Wilson were incorporated into Loiselle's property, and that Loiselle paid in full for all of the materials Wilson procured from Sun Lumber that were used in Loiselle's property. If allowed to stand as affidavits, the motions clearly create a genuine issue of material fact sufficient to preclude summary judgment.

Because Sun Lumber's entitlement to recover from Loiselle depends upon proof of a course of conduct giving rise to an implied contract between them, and Loiselle denies the existence of such a contract, summary judgment was inappropriate. I would vacate the summary judgment in favor of Sun Lumber.