**ESTATE OF Ronald C. ALTHENN**

v.

**Cynthia S. ALTHENN** [1].

Supreme Judicial Court of Maine.

Argued Jan. 10, 1992.
Decided June 2, 1992.

days. Appellant shall have twenty days to respond.

1. This case was docketed in the Superior Court as *Estate of Ronald C. Althenn v. UNUM Life Ins. Co., et al.* All defendants except Cynthia Althenn have been dismissed from the case.

Thomas B. Nicholson (orally) and Waldemar G. Buschman, Weeks & Hutchins, Waterville, for plaintiff.

Leonard I. Sharon and William B. Cote (orally), Lewiston, for defendant.

Before McKUSICK, C.J.,* and ROBERTS, WATHEN, GLASSMAN, CLIFFORD and COLLINS, JJ.

CLIFFORD, Justice.

The plaintiff, the Estate of Ronald C. Althenn (Estate), appeals an order of the Superior Court (Kennebec County, *Alexander, J.*) granting summary judgment to the defendant Cynthia S. Althenn on the Estate's three-count complaint. The Estate argues that summary judgment was inappropriate because it had raised genuine issues of material fact as to whether Ronald Althenn successfully made the Estate the beneficiary of his life insurance policy or whether Cynthia breached her promise to convey the insurance proceeds to the Estate or, alternatively, to use them for the benefit of Ronald's minor son. Finding no error in the trial court's judgment, we affirm.

Ronald and Cynthia were married in 1987. Ronald had a son from a previous marriage. Shortly after the marriage, Ronald began work at the Augusta Mental Health Institute (AMHI) and took out the maximum allowable life insurance with double indemnity for accidental death under a group life insurance policy issued to the Maine State Retirement System (MSRS) by Union Mutual Life Insurance Company (UNUM). Ronald designated Cynthia as the beneficiary of the policy. After only a year and a half of marriage, the Althenns were divorced, and a year after that, Ronald died by accidental drowning.

Ronald's insurance policy was issued to MSRS in compliance with 5 M.R.S.A. §§ 18001—18061 (1989 & Supp.1991). Section 18057(1) (1989) requires that the proceeds of the policy be paid first to the designated beneficiary "whom the employee designated in writing, if the written designation was received in the employing office before the employee's death." The policy in turn requires that a change of beneficiary be filed with UNUM through MSRS on a form satisfactory to UNUM and provides that any change of beneficiary will take effect as of the date the completed form is received by MSRS. MSRS never received a form from Ronald changing the beneficiary, and UNUM was prepared to pay the proceeds of the policy to Cynthia.

Failing in its attempt to convince Cynthia to voluntarily turn the proceeds over to it, the Estate filed suit against Cynthia, MSRS, and UNUM in three counts, alleging that Ronald had taken sufficient steps during his lifetime to change the beneficiary of the policy from Cynthia to the Estate (Count I), and, in the alternative, that Cynthia had entered into an oral contract with Ronald to convey the proceeds of the policy to the Estate (Count II), or to use them solely for the benefit of Ronald's son (Count III). Cynthia filed a counterclaim against the Estate for abuse of process. UNUM interpleaded by counterclaim seeking to have the proceeds deposited with the court in an escrow fund.[2] *See* M.R.Civ.P. 22.

Both MSRS and UNUM were ultimately dismissed as parties.

---

* McKusick, C.J. sat at oral argument and participated in the initial conference, but retired before this opinion was adopted.

2. The *proceeds* of the policy were placed in an escrow account by agreement of the parties.

■ Cynthia moved for summary judgment on all counts. She argued that (1) any attempt by Ronald to change the beneficiary of the policy during his lifetime was ineffective because he did not comply with the terms of either the policy or the statute, and (2) she was not aware of the existence of the policy or that she was the beneficiary, and therefore she could never have promised to use the proceeds in any particular manner. MSRS joined in Cynthia's motion and filed affidavits stating that Cynthia was the designated beneficiary of the policy and that neither MSRS nor AMHI had any record of a change in beneficiary executed by Ronald.[3]

In opposition to the motion for summary judgment, the Estate filed an affidavit of Charlene French, a friend of Ronald's, and an attested, though unsworn, statement of Laurette V. McGuire, also a friend of Ronald's. The Estate also relied on Ronald's purported holographic will, which had been appended to the complaint. French's affidavit stated that she had accompanied Ronald to the AMHI administrative offices and that "[Ronald] told [French] that he was going up to the Personnel Office to change the beneficiary of his life insurance. When [Ronald] returned ... he told [French] that everything had been taken care of." McGuire's statement stated that Ronald told McGuire that he wanted Cynthia to have the proceeds of the policy and that "He and [Cynthia had] talked and he was sure that [Cynthia] was the only person that he could trust to do what he wanted with the money" and that "[Cynthia] would see to it that [Ronald's son] would have the

things that he needed." Ronald's holographic will appears to leave the proceeds of the policy to Eric Plato, Ronald's cousin, in trust for his son.

This appeal by the Estate results from the court's grant of summary judgment to Cynthia on all counts of the Estate's complaint.[4]

## I.

In support of Cynthia's motion for summary judgment on Count I of the Estate's complaint, Cynthia and MSRS presented evidence that Cynthia is the named beneficiary of the life insurance policy and that the beneficiary was never changed pursuant to the terms of either the statute or the policy.[5] In response, the Estate submitted only the affidavit of Charlene French, that states French accompanied Ronald to the AMHI offices to change the beneficiary. The Estate also relies on the provisions of Ronald's holographic will attached to the complaint. The will purports to leave the proceeds of the policy in trust for his son. The Estate urges the court to apply the equitable doctrine that if an insured has expressed his intention to change the beneficiary of his policy, and has taken positive action to effectuate that intention, then the court "will decree that to be done which ought to have been done" and declare the new person to be the beneficiary of the policy. *See Clark v. Metropolitan Life Ins. Co.*, 126 Me. 7, 10, 135 A. 357 (1926); *see also Messier v. Metropolitan Life Ins. Co.*, 154 Vt. 406, 578 A.2d 98, 100 (Vt.1990).

---

3. The Estate argues that the affidavit of Gary R. King, administrator at MSRS, stating that Cynthia was the beneficiary of record, was insufficient because it does not demonstrate that it is based on King's personal knowledge, but only on his knowledge and belief. The Estate failed to object to the affidavit before the trial court, however, and therefore any objection has not been properly preserved. Even if the objection had been preserved, the affidavit makes it clear that King is the custodian of the records involved and therefore has personal knowledge of their contents.

4. This court remanded the Estate's original appeal for resolution of the counterclaims. The Estate moved that the trial court reconsider its

grant of summary judgment and attempted to file Cynthia's deposition with the court in support of its motion. The court refused to expand the record to accept the deposition and denied the Estate's petition. The parties then voluntarily dismissed UNUM's counterclaim and severed Cynthia's counterclaim for abuse of process and the court entered an order of final judgment from which the Estate appealed to this court.

5. The statute requires that a change of beneficiary form be received at the offices of MSRS before the death of the insured. 5 M.R.S.A. § 18057(1). The only designation of beneficiary form in the possession of MSRS at any time was Ronald's initial designation of Cynthia as the beneficiary.

When reviewing a grant of summary judgment, we view the evidence in the light most favorable to the party against whom the judgment has been granted, and review the trial court's decision for error of law. *F.O. Bailey Co., Inc. v. Ledgewood, Inc.*, 603 A.2d 466 (Me.1992). The Estate, however, was required to respond to Cynthia's evidence submitted to support her motion for summary judgment with competent and admissible evidence, including affidavits based on personal knowledge containing admissible evidence. *Sun Lumber v. Loiselle*, 593 A.2d 213, 215 (Me.1991); M.R.Civ.P. 56(e). The Estate could not rely solely on its allegations or a general denial. *Farrell v. Theriault*, 464 A.2d 188, 193 (Me.1983); *Depositors Trust Co. v. Herold*, 458 A.2d 430, 431 (Me.1983); M.R.Civ.P. 56(e). Furthermore, because the Estate would have the burden of proof at trial, it was required to produce evidence sufficient to resist a motion for a directed verdict if it produced at trial nothing more than was before the court on the motion for summary judgment. *H.E.P. Development Group, Inc. v. Nelson*, 606 A.2d 774, 775 (Me.1992). When a jury verdict in a plaintiff's favor would be based on pure conjecture or speculation, it is proper for the court to grant a directed verdict. *Pratt v. Freese's Inc.*, 438 A.2d 901, 904 (Me.1981).

Assuming the validity and applicability of the doctrine that equity will decree "that to be done which ought to be done,"

the evidence relied on by the Estate is insufficient to create an issue of material fact or to resist a motion for directed verdict at trial. Charlene French's affidavit says nothing about who Ronald intended the new beneficiary to be. Ronald's holographic will, even if properly before the court on the motion for summary judgment,[6] provides no evidence that Ronald intended to make the Estate the beneficiary of the policy. The will, by stating that the policy is to go to Eric Plato for the benefit of his son, is evidence that Ronald intended to benefit his son, but through a named trustee, not the Estate.[7] Therefore, it would be impermissibly speculative to allow the Estate to rely on the French affidavit and the holographic will as evidence that Ronald intended and took affirmative steps to make the Estate his beneficiary.

## II.

In Counts II and III of its complaint, the Estate seeks enforcement of a contract it contends Cynthia made with Ronald that she would turn the proceeds over to the Estate (Count II), or, in the alternative, that she would use the proceeds solely for the benefit of Ronald's son.[8] The Estate relies on the unsworn statement by Laurette McGuire and statements made by Cynthia in her deposition. We are unpersuaded by the Estate's arguments, and conclude that the evidence relied on by the Estate to support its conten-

---

6. The will was never presented to the court as evidence on the motion. It was merely appended to the complaint without being attested to by a sworn affidavit. Therefore, Cynthia argues that is not evidence that could be considered by the trial court on the motion.

7. Although we are not required to reach the issue in this case, the majority of courts have held that an attempt to change the beneficiary of a life insurance policy by will is ineffective. See Annotation, *Effectiveness of Change of Named Beneficiary of Life or Accident Insurance Policy by Will*, 25 A.L.R. 4th 1164, 1168–72 (1983); 44 Am.Jur.2d, *Insurance* § 1759 (1982).

8. Cynthia failed in her answer to respond to paragraphs 10 and 16 of the complaint alleging that she agreed that the proceeds should go to the Estate *or that she* agreed to use the proceeds for the son's benefit. When a party has failed to

deny a specific allegation, but has made clear that it contests liability and no prejudice results to the opponent, that failure will not prevent the court from adjudicating that issue. See *Thomas v. Wilson*, 356 A.2d 737, 738–739 (Me.1976); M.R.Civ.P. 15(a) (pleadings may be amended freely when justice requires). Cynthia's answer, deposition, motion for summary judgment, and affidavit, taken together, all gave the Estate more than adequate notice that Cynthia was contesting the existence of any oral contract to give the proceeds of the policy to the Estate or to use the funds for Ronald Althenn's son. Contrary to the Estate's contentions, Cynthia's failure to deny specifically paragraphs 10 and 16 of the complaint did not preclude the court from granting summary judgment to Cynthia on that issue.

tions is insufficient to resist the entry of summary judgment.

 McGuire's statement, presented to the court through the sworn affidavit of Gary King, an administrator at MSRS, even if properly before the court, contains no evidence of a statement from Cynthia at all, much less a statement that can be construed as a promise or agreement to pay the money to the Estate or hold it for the benefit of Ronald's son. Similarly, Cynthia's deposition, even if it had been considered by the court, contains no specific evidence that would contradict Cynthia's assertion that she was unaware of the existence of the policy and therefore could not have promised to use its proceeds in any particular way.

Without evidence of a representation on the part of Cynthia that she would either give the proceeds to the Estate or use them for the son's benefit, it was not error for the court to grant Cynthia's motion for summary judgment as to Counts II and III.

The entry is:

Judgment affirmed.

All concurring.