CHADWICK–BaROSS, INC.

v.

T. BUCK CONSTRUCTION, INC., et al.

Supreme Judicial Court of Maine.

Argued March 17, 1993.

Decided July 6, 1993.

John A. Hobson (orally), Thomas B. Wheatley, Perkins, Thompson, Hinckley & Keddy, Portland, for plaintiff.

Daniel W. Mooers (orally), Daniel W. Mooers, P.A., Portland, for defendants.

Before WATHEN, C.J., and ROBERTS, GLASSMAN, CLIFFORD, COLLINS, RUDMAN and DANA, JJ.

CLIFFORD, Justice.

The defendants, T. Buck Construction, Inc. (T. Buck) and United States Fidelity & Guaranty Company (USF & G) appeal from a summary judgment entered in the Superior Court (Androscoggin County, *Brodrick, J.*) in favor of Chadwick–BaRoss, Inc. on its claim pursuant to the Public Works Surety Bond Law, 14 M.R.S.A. § 871 (1980 & Supp.1992), for damages arising from an alleged breach of an equipment supply contract. T. Buck and USF & G contend that the court erred in entering a summary judgment because there exist genuine issues of material fact regarding the identity of the contracting party, the nature of the contract, the amount owed, and whether Chadwick–BaRoss provided proper notice of its claim. Chadwick–BaRoss, in its cross-appeal, contends that the court erred in concluding that the Public Works Surety Bond Law does not permit the recovery of its contractually authorized attorney fees. Finding no error, we affirm the judgment.

T. Buck was the general contractor hired by the City of Auburn to do work on Pettingill Park, an athletic field complex. Pursuant to 14 M.R.S.A. § 871, the Public Works Surety Bond Law, T. Buck furnished a payment bond, with USF & G as surety, to the City of Auburn for the purpose of guaranteeing that subcontractors working on the project were paid. T. Buck hired Holt Excavation, Inc. as a subcontractor on the Auburn job. On June 7, 1990, Jerome Holt, president of Holt Excavation, executed an order, labelled as a "Purchase/Rental Order" with Chadwick–BaRoss, an equipment supplier, for a bulldozer. Holt first used the bulldozer on a construction project in Old Town and then used it at the Auburn project from October 30, 1990 until November 13, 1990, at which time it was returned to Chadwick–BaRoss. Chadwick–BaRoss billed Holt Excavation, and when payment was not forthcoming, sent a notice of its claim for payment to T. Buck on November 19, 1990.

Failing to receive payment for the bulldozer, Chadwick–BaRoss filed its complaint alleging a breach of contract against Holt,[1] a claim against the payment bond supplied by T. Buck and USF & G,[2] and a claim for

---

[1] A default judgment was entered against Holt on May 4, 1992 for $3339 on the equipment contract and $1242.34 in fees and costs.

[2] 14 M.R.S.A. § 871 (1980 & Supp.1992), dealing with bonds in public works projects, provides in section 871(4) in pertinent part:

    **4. Actions.** Any person who has furnished labor or material to the contractor or to a subcontractor of the contractor in the prosecution of the work provided for in such contract in respect to which a payment bond has been furnished under subsection 3, paragraph B, and who has not been paid in full before the expiration of 90 days after the day on which the last of the labor was performed by him or material was furnished or supplied by him for which such claim is made, shall have the right to bring an action on such payment bond in his own name for the amount, or the

unjust enrichment against the City of Auburn. After a hearing on cross-motions for summary judgment, the court entered a judgment in favor of the City, and against T. Buck and USF & G for payment of $3339 pursuant to the payment bond, and denied Chadwick–BaRoss's motion for attorney fees. T. Buck and USF & G appeal, and Chadwick–BaRoss cross-appeals the denial of attorney fees.

## I.

### SUMMARY JUDGMENT

When reviewing a grant of summary judgment, we view the evidence in the light most favorable to the party against whom the judgment has been granted and review the trial court's decision for errors of law. *Estate of Althenn v. Althenn,* 609 A.2d 711, 714 (Me.1992). Although summary judgment is a remedy to be invoked by courts with caution, a party is entitled to a summary judgment if there is no genuine issue of material fact and that party is entitled to a judgment as a matter of law. M.R.Civ.P. 56(c); *see Lewiston Bottled Gas Co. v. Key Bank of Maine,* 601 A.2d 91, 93 (Me.1992). Although the parties differ as to the legal conclusions to be drawn from the historical facts before the court, there does not appear to be any serious dispute as to what those facts are, thus making it proper for the court to have entertained the motion for a summary judgment. *Id.*

T. Buck and USF & G first contend that Chadwick–BaRoss contracted with Jerome Holt, individually, not with Holt Excavation, its subcontractor, and therefore it had no contractual relationship that entitled it to payment under the bond,[3] or in the alternative, that there exists a genuine dispute of material fact on the issue that precludes summary judgment. They rely solely on the designation on the equipment

rental contract, memorialized on a form provided by Chadwick–BaRoss, of "Jerome A. Holt" and "Holt Excavation" following "D/B/A" at the top of the form, and on a memorandum serving as a financing document in which it is recited that Jerome Holt promises to make payments for the rental of the equipment.

Both the contract and the memorandum, however, were signed by Jerome Holt in his capacity as president of his corporation. Monthly invoices were made out and sent to the corporation. Jerome Holt attested by affidavit that his intent was to contract on behalf of his company and not personally. T. Buck and USF & G presented no evidence, other than the designations on the contract form and the financing memorandum, that would in any way suggest that Jerome Holt contracted personally for the rental of the bulldozer. Moreover, in support of its motion for summary judgment, Chadwick–BaRoss presented as evidence the construction contract documents and affidavits generated by T. Buck and USF & G that refer to Holt Excavation as a corporate party to that contract.

The interpretation of an unambiguous contract is a matter of law. *F.O. Bailey Co., Inc. v. Ledgewood, Inc.,* 603 A.2d 466, 468 (Me.1992). Contract language is ambiguous only when it is reasonably susceptible to different interpretations. *American Policyholders Ins. Co. v. Kyes,* 483 A.2d 337, 340 (Me.1984). A contract need not negate every conceivable construction of its terms in order to be unambiguous. *Waxler v. Waxler,* 458 A.2d 1219, 1224 (Me.1983). Viewing the evidence before the court most favorably to the defendants, the court was correct in concluding as a matter of law that the contract was with Holt Excavation, a corporation, and not with Jerome Holt personally. As the parties opposing summary judgment, T. Buck and USF & G were obligated

---

balance thereof, unpaid at the time of the institution of such action....

**3.** The payment bond defines a claimant as "one having a direct contract with the Principal or with a sub-contractor of the Principal for labor, material, or both, used or reasonably required

for the performance of the contract...." A payment bond is issued for the protection of "claimants supplying labor or materials to the contractor or his subcontractor in the prosecution of the work provided for in such contract." 14 M.R.S.A. § 871(3)(B) (Supp.1992).

to produce competent proof of facts that would be admissible to show that a genuine issue of material fact exists. This they failed to do. *Bangor & Aroostook R.R. Co. v. Daigle,* 607 A.2d 533, 535 (Me.1992); *see Estate of Althenn,* 609 A.2d at 714–15; *Farrell v. Theriault,* 464 A.2d 188, 193 (Me.1983).

T. Buck and USF & G next contend that Chadwick–BaRoss is not entitled to collect under the bond because the contract with Holt was for the sale of the equipment, not a rental subject to payment under the bond, or, in the alternative, that there remained a genuine issue of material fact as to whether there was a sale. The dual purpose form that memorialized the Chadwick–BaRoss contract with Holt is entitled "Purchase/Rental Order." The form is filled out to describe the equipment, and lists its selling price and its rental rate. The column provided on the form for equipment rental is filled out. The sale column is blank. The memorandum signed by Jerome Holt as president of Holt Excavation sets out the method of payment for the rental of the equipment. Invoices from Chadwick–BaRoss to Holt Excavation reference a rental contract. Jerome Holt's affidavit characterized the contract as a lease as does the affidavit of Lawrence Jordan on behalf of Chadwick–BaRoss. The bulldozer was returned to Chadwick–BaRoss on completion of its use. T. Buck and USF & G rely on the contract's ambiguous title, its dual purpose terms and conditions, and the affidavit of their attorney that financing statements filed by Chadwick–BaRoss indicate a sale of the equipment rather than a rental. This evidence, however, does not contradict the way the contract form itself was completed and does nothing to controvert the affidavit testimony of both parties to the contract that the agreement was for a lease of equipment, not a sale. *See Foster v. Foster,* 609 A.2d 1171, 1172 (Me.1992) (contract construed to give effect to the intention of the contracting parties). Thus, the court correctly determined that T. Buck and USF & G presented no genuine issue of material fact as to the nature of the contract.

In addition, T. Buck and USF & G contend that there is a genuine issue of fact as to the amount owed by Holt to Chadwick–BaRoss. They cite two different weekly rental charges as evidence that the amount owed is in dispute. The accounting supplied by Chadwick–BaRoss, however, removes any dispute as to the amount owed. That document demonstrates that the first week's rate was determined by dividing the monthly rental by four to arrive at a pro-rated monthly rental rate. The second week's charges were based on a higher weekly rental rate in effect because the equipment was not retained by Holt Excavation for the full month and thus it was not entitled to the lower monthly rate. Jerome Holt attested that the amount due is as calculated by Chadwick–BaRoss. T. Buck and USF & G provide no evidence other than the disparity in rental rates to support their contention that the amount due remains to be resolved. They have, therefore, failed to establish that a genuine issue of material fact exists. *Bangor & Aroostook R.R. Co.,* 607 A.2d at 535.

Finally, we find no merit in T. Buck's and USF & G's contention that Chadwick–BaRoss failed to provide adequate notice of its claim pursuant to the payment bond. By its terms, the payment bond requires notification to two of three parties: contractor, surety, or owner. In the case of a claim against a subcontractor, however, the statute requires notification only to the contractor. 14 M.R.S.A. § 871(4). That adequate notice of Chadwick–BaRoss's claim was provided by the contractor to T. Buck is not disputed. Nor is there any showing of prejudice arising from the lack of a separate notice to USF & G. In such a case, compliance with the statute is sufficient. *See Security Pac. Nat'l Trust Co. v. Reid,* 615 A.2d 241, 243 (Me.1992); *Wescott v. Allstate Ins. Co.,* 397 A.2d 156, 166 (Me.1979).

## II.

### CROSS-APPEAL

In its cross-appeal, Chadwick–BaRoss contends that it is entitled to recov-

er attorney fees against these defendants and that the trial court's refusal to award attorney fees is error. We agree with the trial court. With certain exceptions, not relevant here,[4] courts have no authority to award attorney fees unless provided by statute or by agreement of the parties. *Top Line Distrib., Inc. v. Spickler,* 525 A.2d 1039, 1040 (Me.1987). A statutory right to recover attorney fees will be found only in the clearest kind of language. *Vance v. Speakman,* 409 A.2d 1307, 1311 (Me.1979). A contractual right to attorney fees is strictly limited to actions taken pursuant to that contract. *Bank of Maine, N.A. v. Weisberger,* 477 A.2d 741, 745 (Me. 1984).

■ Chadwick–BaRoss's claim for recovery of attorney fees arises from its contract with Holt Excavation. T. Buck and USF & G, however, are not parties to that contract. This suit is brought pursuant to 14 M.R.S.A. § 871, the Public Works Surety Bond Law. That statute governs the relationship between Chadwick–BaRoss, T. Buck, and USF & G, and provides that a supplier of labor or materials who has not been paid in full may bring an action to collect the "amount, or the balance thereof, unpaid at the time of the institution of such action." 14 M.R.S.A. § 871(4).[5] It does not authorize an award of costs and attorney fees. Moreover, contrary to Chadwick–BaRoss's contention, a claim for payment pursuant to a payment bond does not incorporate all the contractual remedies a supplier may have against a customer, but merely seeks payment for materials supplied to the job. Thus, the court properly denied Chadwick–BaRoss's request for attorney fees.

The entry is:

Judgment affirmed.

All concurring.

---

4. Chadwick–BaRoss is not seeking fees independently against T. Buck or USF & G for delay, but is arguing that fees provided by the contract should be awarded pursuant to the statute. Fees may be awarded against a surety who has in some way improperly resisted or obstructed the recovery of the claim against it. *Thomas Laughlin Co. v. American Sur. Co.,* 114 F. 627, 628 (1st Cir.1902).

5. *See supra* note 2.