*1998 ME 9*

## GORHAM SAVINGS BANK

v.

## Robert M. BAIZLEY.

Supreme Judicial Court of Maine.

Submitted on Briefs Sept. 19, 1997.

Decided Jan. 8, 1998.

Jacqueline W. Rider, Christopher S. Neagle, Verrill & Dana, Portland, for plaintiff.

John S. Campbell, Poulos & Campbell, P.A., Portland, for defendant.

Before WATHEN, C.J., and ROBERTS, CLIFFORD, RUDMAN, and LIPEZ, JJ.

LIPEZ, Justice.

[¶ 1] Robert M. Baizley appeals from a judgment entered in the Superior Court (Cumberland County, *Mills, J.*) granting Gorham Savings Bank's motion for a summary judgment in its foreclosure action pursuant to 14 M.R.S.A. §§ 6321–25 (1980 & Supp.1997). On appeal Baizley contends that the court was precluded by 30–A M.R.S.A. § 4406 [1] from entering a judgment of foreclosure and sale because the subject property is within an unapproved subdivision. We disagree and affirm the judgment.

## I.

[¶ 2] In 1986 Robert Baizley acquired forty acres of undivided property in Scarborough. From 1986 to 1990, without obtaining the approval of the municipal reviewing authority, Baizley granted five mortgages on various portions of the property to several lending institutions to secure loans. One of these five mortgages, now the subject of this appeal, was granted in favor of Gorham Savings Bank (the Bank) on a five-acre portion of the property to secure the indebtedness evidenced by a note in the amount of $75,000.

[¶ 3] In May 1996 the Bank notified Baizley that the debt evidenced by the note was in default and demanded that the default be cured. After Baizley failed to timely cure, the Bank commenced a foreclosure action pursuant to 14 M.R.S.A. § 6321 [2] alleging, *inter alia*, that Baizley was in default of his

---

1. 30–A M.R.S.A. § 4406 (1996 & 1997 Supp.) provides in pertinent part:

    No person may sell, lease, develop, build upon or convey for consideration, or offer or agree to sell, lease, develop, build upon or convey for consideration any land or dwelling unit in a subdivision that has not been approved by the municipal reviewing authority of the municipality where the subdivision is located....

2. Maine's judicial mortgage foreclosure procedure, set forth in Title 14, sections 6321–6325, establishes a unified civil action for foreclosing a mortgagor's equity of redemption. Pursuant to

14 M.R.S.A. § 6321, a mortgagee may commence a civil foreclosure action against a mortgagor by filing in the Superior or District Court a complaint that alleges, *inter alia*, that the mortgagor has breached a condition of the mortgage. If after hearing the court determines that a breach does exist, section 6322 provides that "a judgment of foreclosure and sale shall issue providing that if the mortgagor, his successors, heirs and assigns do not pay the sum that the court adjudges to be due and payable, with interest within the period of redemption, the mortgagee shall proceed with a sale as provided."

obligation under the note and had breached a condition of the mortgage by failing to pay sums due under the note and by failing to pay real estate taxes. The Bank moved for a summary judgment, which Baizley opposed in part on the ground that a judgment of foreclosure would violate 30–A M.R.S.A. § 4406. The Superior Court granted the Bank's motion for a summary judgment and entered a judgment of foreclosure and sale. This appeal followed.

## II.

[¶ 4] Baizley advances the novel argument that the court was precluded by 30–A M.R.S.A. § 4406 from entering a judgment of foreclosure and sale because the subject property was part of an unapproved subdivision. Specifically, he contends that the property had been subdivided without municipal approval within the meaning of 30–A M.R.S.A. § 4401 as a result of the mortgages he granted on various portions of the forty-acre lot from 1986 to 1990 without the approval of the municipal reviewing authority; that section 4406 prohibits the sale of property in an unapproved subdivision; and that the court's foreclosure judgment, which orders the sale of the subject property following the expiration of the period of redemption, is therefore in violation of section 4406.

[¶ 5] Pursuant to section 4403, all proposed subdivisions must be reviewed and approved by a municipal reviewing authority. See 30–A M.R.S.A. § 4403. Section 4401 defines a "subdivision" as:

> [T]he division of a tract or parcel of land into 3 or more lots within any 5–year period that begins on or after September 23, 1971. This definition applies whether the division is accomplished by sale, lease, development, buildings or otherwise....
>
> A. In determining whether a tract or parcel of land is divided into 3 or more lots, the first dividing of the tract or parcel is considered to create the first 2 lots and the next dividing of either of these first 2 lots, by whomever accomplished, is considered to create a 3rd lot,....

30–A M.R.S.A. § 4401(4). In this case, Baizley argues that at least three lots were creat-

ed during the period from 1986 to 1990 by his granting mortgages on various portions of the forty-acre property. *See Town of Orrington v. Pease,* 660 A.2d 919, 922 (Me.1995) (" '[W]hen [30–A M.R.S.A. § 4401] speaks of a 'division,' it contemplates the splitting off of an interest in land and the creation, by one of the modes recited [in section 4401] ..., of an interest of another.' By mortgaging a portion of Lot 90, thereby entitling the bank to foreclose in the event of a default, the [defendants] effectively divided their interest in that lot.") (quoting *Town of Naples v. Michaud,* 444 A.2d 40, 42 (Me.1982)). It is undisputed that Baizley did not obtain the approval of the municipal reviewing authority to mortgage portions of his property.

[¶ 6] Proceeding from the premise that the subject property is an unapproved subdivision, Baizley relies on 30–A M.R.S.A. § 4406 as an affirmative defense to the foreclosure action. Section 4406 places the following restrictions on property that is subdivided without municipal approval:

> No person may sell, lease, develop, build upon or convey for consideration, or offer or agree to sell, lease, develop, build upon or convey for consideration any land or dwelling unit in a subdivision that has not been approved by the municipal reviewing authority of the municipality where the subdivision is located....

Baizley contends that the court's foreclosure judgment, which orders the sale of the property following the expiration of the period of redemption pursuant to 14 M.R.S.A. § 6322, is precluded as a matter of law by section 4406. In reviewing the grant of a motion for a summary judgment, we examine the evidence in a light most favorable to the nonprevailing party to determine whether the court committed an error of law. *See Community Telecommunications Corp. v. State Tax Assessor,* 684 A.2d 424, 426 (Me.1996).

## III.

[¶ 7]Assuming, without deciding, that the subject property is an unapproved subdivision within the meaning of 30–A M.R.S.A. § 4401(4) as a result of mortgages which were granted by Baizley on various

portions of the forty-acre property from 1986 to 1990, we reject Baizley's reliance on section 4406 as an affirmative defense to the Bank's foreclosure action. Although the statute which authorizes municipal reviewing authorities to impose subdivision controls does not expressly articulate the intended purpose of such control, *see* 30–A M.R.S.A. §§ 4401–4407, we may infer the objectives of such regulation from the standards expressed in the statute and the subjects regulated. *See* 4 R. ANDERSON, AMERICAN LAW OF ZONING § 25.03 (1986 & Supp.1996). The subdivision statute guides community development and protects and preserves the public's health, safety, and general welfare by ensuring adequate provision for water, drainage, transportation, sewage disposal, and other necessities when land is committed for development. *See* 30–A M.R.S.A. § 4403, 4404. In this case, preventing a mortgagee from lawfully foreclosing upon a property in an unapproved subdivision would not further these broad legislative objectives.

[¶ 8] We also infer that a primary purpose of prohibiting the sale of property in an unapproved subdivision is to prevent a fraud on innocent purchasers who may be unaware of the impediments to development and the diminished value of the property. *See* 4 R. ANDERSON, AMERICAN LAW OF ZONING § 25.03. Such concerns are not implicated here. The Bank readily acknowledges that the property may be part of an unapproved subdivision, and recognizes that as a condition of sale it must obtain the proper approvals. The Legislature intended that the innocent purchaser, not the defaulting mortgagor, be the beneficiary of section 4406's conveyancing restrictions. *Cf. Minnelusa Co. v. Andrikopoulos,* 929 P.2d 1321 (Colo.1996) (holding that defendant corporation was not an intended beneficiary of stock repurchase statute designed to protect creditors and minority stockholders against corporate mismanagement of assets, and refusing to permit defendant corporation to use the statute as an affirmative defense to enforcement of its stock repurchase agreement).

 [¶ 9] We further note that section 4406 expressly confers enforcement power only upon "the Attorney General, the municipality, or the planning board of any municipality," not upon private citizens. 30–A M.R.S.A. § 4406.[3] The subdivision statute enables these named governmental actors to regulate the division of property through the State's enforcement of its police powers, and confers no right upon Baizley to enforce a violation against himself. Moreover, to permit a defaulting mortgagor to use section 4406 as an affirmative defense in these circumstances would enable the mortgagor to insulate himself or herself from foreclosure simply by creating an unapproved subdivision. Such an anomalous result is an unreasonable application of the subdivision statute, and circumvents its intended purpose. *Cf. Minnelusa Co.,* 929 P.2d at 1324. The court did not err in granting a summary judgment in favor of the Bank.

The entry is:

Judgment affirmed.

---

**3.** 30–A M.R.S.A. § 4406 provides in pertinent part: "The Attorney General, the municipality or the planning board of any municipality may institute proceedings to enjoin a violation of this subchapter."