1998 ME 274

**Robert G. LALUMIERE**

v.

**Edward C. MILLER, III.** [1]

Supreme Judicial Court of Maine.

Submitted on Briefs Oct. 14, 1998.

Decided Dec. 22, 1998.

Henry N. Berry, III, South Portland, Joel C. Martin, Petruccelli & Martin, LLP, Portland, for plaintiff.

Michael J. Waxman, Portland, for defendant.

_____

1. Co-defendant, William T. LaFond, was dismissed from this action.

Before WATHEN, C.J., and CLIFFORD, RUDMAN, SAUFLEY, ALEXANDER, and CALKINS, JJ.

WATHEN, C.J.

[¶ 1] Defendant, Edward C. Miller, III, appeals from a judgment entered in the Superior Court (Cumberland County, *Brennan, J.*) in favor of plaintiff, Robert G. Lalumiere. Defendant argues that the court erred in granting summary judgment as to liability on the basis of his conviction for Class A robbery in a related criminal action. We agree that at the summary judgment stage, the very limited record in this case does not conclusively establish liability for battery in the civil action. We vacate the judgment.

[¶ 2] Plaintiff filed a civil action against defendants, Edward C. Miller, III, and William T. LaFond, alleging the following facts: On July 11, 1996, Miller and LaFond hired plaintiff, a taxicab driver, to drive them in his taxi from the Old Port to Stevens Avenue in Portland. One defendant sat in the front seat and one defendant sat in the back seat. When the taxi stopped, the defendant in the back seat held plaintiff around the neck and the defendant in the front seat struck plaintiff in the face repeatedly with hard blows, causing serious bodily injury.[2] Both defendants, in concert and active participation, took his wallet.

[¶ 3] After the civil action was filed, Miller was found guilty by a jury of robbery (Class A) (17–A M.R.S.A. § 651 (1983)). Plaintiff then filed a motion for summary judgment against Miller on the issue of liability, based on the criminal conviction for robbery. The court granted summary judgment in favor of plaintiff and, after a subsequent hearing, awarded damages to plaintiff. Miller now appeals.

[¶ 4] In opposing summary judgment, Miller presented sworn testimony from his trial that he never touched the plaintiff. He argues that his criminal conviction for robbery does not conclusively establish civil liability as a matter of law for battery.

[¶ 5] When a court grants a plaintiff's motion for summary judgment, we examine the evidence in the light most favorable to the defendant as the nonprevailing party to determine whether the court committed an error of law. *Gorham Sav. Bank v. Baizley,* 1998 ME 9, ¶ 6, 704 A.2d 398, 400. We will affirm a summary judgment only if "there is no genuine issue of material fact and the movant is entitled to judgment as a matter of law." *Salvation Army v. Town of Standish,* 1998 ME 75, ¶ 4, 709 A.2d 727, 728. When a trial court rules on a motion for summary judgment, " '[it] is to consider *only* the portions of the record referred to, and the material facts set forth, in the Rule 7(d) statements.' " *Handy Boat Serv., Inc. v. Professional Servs., Inc.,* 1998 ME 134, ¶ 16, 711 A.2d 1306, 1310 (quoting *Gerrity Co., Inc. v. Lake Arrowhead Corp.,* 609 A.2d 293, 295 (Me.1992)).

[¶ 6] Based on M.R. Civ. P. 7(d), the only material facts properly before the court were presented in plaintiff's limited and conclusory statement of material facts filed with his motion for summary judgment. This did not include the indictment upon which the robbery conviction was based. The Rule 7(d) statement indicated that plaintiff was operating his taxicab on or about July 11, 1996, he picked up defendants, one defendant sat in the front seat and one sat in the back seat, plaintiff followed defendants' directions to drive to Stevens Avenue in Portland, and a jury found Miller guilty of Class A robbery.

[¶ 7] We have permitted "the offensive use of collateral estoppel, *i.e.* where a plaintiff would estop the defendant from relitigating issues previously litigated by the defendant against another party, . . . [but] only on a case-by-case basis." *Pattershall v. Jenness,* 485 A.2d 980, 983 (Me.1984) (citing *Hossler v. Barry,* 403 A.2d 762, 768–769 (Me. 1979)). We have also stated that "a final judgment of conviction in a criminal case is preclusive in favor of a third party in a subsequent civil action against the defendant in that criminal case." *Hanover Ins. Co. v. Hayward,* 464 A.2d 156, 160 (Me.1983) (citing

---

**2.** Plaintiff does not identify in his complaint which defendant was sitting in the front seat and which defendant was sitting in the back seat.

RESTATEMENT (SECOND) OF JUDGMENTS § 85(2)(a) & comment e). However, these doctrines do not exempt a plaintiff from summary judgment pleading and practice standards. Thus, we have limited the third party collateral estoppel rule stating that " '[u]nless it is shown that the judgment necessarily involved a determination of the fact sought to be included in the second suit, there will be no bar.' " *Id.* (quoting *Susi v. Davis,* 133 Me. 354, 357, 177 A. 610, 612 (1935)).

[¶ 8] In this case, plaintiff alleged in his civil suit that one defendant "grabbed plaintiff's neck" and the other defendant "committed a vicious, intentional, and unprovoked assault upon the Plaintiff, striking him in the face repeatedly with hard blows, causing serious bodily injury." Plaintiff also alleged that "[a]s a direct and proximate result of said aggravated assault . . ., the Plaintiff became sick, sore, lame, and disabled, was required to, and did, undergo surgery for the reduction of facial fractures." Therefore, we must determine whether plaintiff established through his statement of material facts that he was struck as alleged in his complaint. His statement includes no express assertion that he was struck and, if so, by whom. It recites only that defendant was in the taxi and that he was convicted of Class A robbery. The record does not include the indictment or other information about the criminal trial by which we might determine whether the robbery verdict was based on a finding of use of force or only attempted use of force.

[¶ 9] Based on a general verdict of Class A robbery, the jury could have found that defendant used physical force, intentionally inflicted bodily injury *or* intentionally attempted to inflict bodily injury. 17–A M.R.S.A. § 651(1)(C), (D) (1983) (emphasis added). The alternative "attempting to inflict bodily injury" does not necessarily require physical contact. 17–A M.R.S.A. § 152(1) (1983) (criminal attempt occurs when "with the intent to complete the commission of the crime, he engages in conduct which, in fact, constitutes a substantial step toward its commission"); *see also State v. Bridges,* 413 A.2d 937, 944 (Me.1980) ("actual consummation of bodily injury is not a requisite element of . . . attempted assault").

Therefore, under this alternative, an actual striking of the victim as alleged in plaintiff's complaint was not required for the robbery conviction.

 [¶ 10] Accordingly, based on the limited information in this record the conviction of Class A robbery does not inexorably establish the civil claim of battery alleged in plaintiff's complaint.

The entry is:

Judgment vacated. Remanded for further proceedings consistent with this opinion.