STATE OF MAINE

CUMBERLAND, ss.

SUPERIOR COURT
CIVIL ACTION
DOCKET NO. CV-01-527

Jun 20   S 22 AH '02

WELLIN & CO.

      Plaintiff


      v.                             ORDER

F. PARKER REIDY

      Defendant

DONALD L. GARBRECHT
LAW LIBRARY

JUL 11 2002

The matter is before this court on Plaintiff's motion for summary judgment.


*Facts*

    F. Parker Reidy's f/k/a MACOLO (Parker) is a Maine corporation with principal place of business in Portland. **PSMF, DSMF, 1.** Dennis Marchesi and Frank Collins are principals and/or shareholders of Parker. **PSMF, DSMF, 2.** In November 1996, Wellin & Co. (Wellin) entered into a written lease agreement (lease) with Parker as tenant for a rental of premises in Portland (premises). **PSMF, DSMF, 3.** Marchesi and Collins individually, unconditionally guaranteed Parker's obligations under the lease. **PSMF, DSMF, 4.** There is no dispute that Parker is in breach of the lease by failing to make monthly payments when due. **PSMF, DSMF, 5.** In dispute is the amount Parker owes, given Collins' contention that Wellin failed to mitigate damages. **Id.** Collins admits that the lease provides for recovery of certain legal fees, reasonably incurred. **PSMF, DSMF, 8.**

    In September 2001, Wellin filed suit, alleging (1) that Parker is in breach of the lease in the amount of $39,699.14 ($26,499 for back rent payments, and $13,200 for rent @ $4,400 per month from September through December 2001), in addition to 14.7% share of real estate taxes, water and sewer, and attorney fees at $6,421.80; and (2) that, being in default but continuing to use the premises, Parker, Marchesi and Collins are unjustly enriched.

    Parker and Marchesi failed to answer, and this court entered default against "F. Parker Reidy's f/k/a MACOLO, c/o Dennis Marchesi" on October 22, 2001, for $26,419.14 plus interest and costs.

    On October 25, 2001, this court ordered that attachment by trustee process be entered against the property of Gorham Tractor & Equipment in the amount of $40,000.

On October 31, 2001, Plaintiff Wellin filed this motion for summary judgment. On November 6, 2001, Peoples Heritage Bank submitted that it should not be judged trustee in this action, because at the time of service, it had no accounts of Parker, Marchesi, or Collins in its possession.

*Breach of lease*

Wellin argues that Parker, Marchesi and Collins individually have breached the terms of the lease by failing to make the required payments. Wellin asserts that the affidavits in support establish the validity of these claims. Wellin claims that amounts due plus accrued interest, attorney fees and costs are payable to Wellin. Wellin's business records confirming the debt are in evidence.

Wellin requests that the court enter judgment against the defendants jointly and severally.

Since this court entered default against Parker and Marchesi in October, 2001, only Collins opposes the motion.

*Duty to mitigate damages*

Collins contends that (1) Wellin has a duty to mitigate damages occasioned by a breach of lease; (2) Wellin has not met its burden of proof; and (3) Wellin has unreasonably failed or refused to mitigate its damages. The lease states, that the landlord shall make reasonable efforts to relet the premises, in the event of breach by a tenant, to secure a rent equal to the then prevailing local rate. 14 M.R.S.A. § 6010-A provides that for a tenant's breach of the lease the landlord may (1) recover rent and damages except amounts which he *could* mitigate, and (2) reduce the landlord's damage claim for the amount of rent *obtainable by reasonable efforts* to rerent the premises; also (3) the landlord has the burden of proof to show that he has made efforts to mitigate the damages.

Collins argues that Wellin fails to provide any evidence that Wellin has reasonably mitigated its damages, or any acknowledgement that Wellin has a duty to mitigate damages. Collins alleges that the affidavit of Roberta Lops shows at least one reasonable proposal to relet the premises was presented by a business venture with demonstrated operational experience and financial capacity to qualify as a tenant.

Wellin replies that the affidavits of Peter Wellin and Attorney Bruce Hochman show the efforts Wellin undertook to secure possession and control of the premises, to clean the premises, to find new tenants, to deal with defendant's bank which claimed a security interest in equipment in the premises, and to relet the property. Collins has submitted no affidavit to support his assertions that Wellin failed to mitigate damages. Wellin maintains that, in view of Wellin's efforts, it is not unreasonable that Wellin was unable to relet the property between mid-October, when it finally took possession and December 2001, the end of the lease period.

Wellin argues that now the burden shifts to Collins to show that Wellin's efforts were not reasonable, that legitimate offers to rent were made that Wellin refused, and to indicate the amount Wellin could have obtained by mitigating its damages.

"Reasonable efforts"are those steps which the landlord would have taken to rent the premises if they had been vacated in due course, provided the steps are in accord with local rental practice for similar properties.

*Attorney fees*

Collins alleges that the lease provides that the tenant agree to pay and indemnify the landlord against all legal costs and charges, including counsel fees reasonably incurred. Collins asserts that, since the affidavit of Plaintiff's attorney, Bruce Hochman, provides no itemization of the actual services rendered, the only discernible services rendered are the filing and service of the complaint, the filing of a motion for attachment, and the preparation of a motion for summary judgment. At the date of the affidavit, no discovery had been taken and no extraordinary matters presented. Collins contends that, dividing the highest hourly rate of the time keepers identified in the Hochman affidavit, Wellin's attorneys incurred a minimum of 43 hours time. Collins argues that it is unreasonable to imagine that a senior partner consumed a full week's legal services during September and October.

Collins further maintains that Peoples Heritage Bank paid Wellin the sum of $5,000 in September 2001, as rent to remain in possession of the premises in order to liquidate Parker's personal property, pledged as collateral for a loan to Peoples. Collins avers that Peoples conducted a public auction, and that Wellin has failed to credit this payment toward the rent he seeks.

Wellins contends that, as far as the $5000 bank payment, Wellin's affidavit states that all credits have been given [in "supplemental affidavit;" as additional facts these statements are inadmissible], and that Collins has made no showing to the contrary. Wellins insists that the affidavit of Attorney Hochman conclusively establishes the amount of legal fees owed.

[Plaintiff's supplemental affidavits of Peter Wellin in support of the motion for summary judgment and Attorney Bruce Hochman in support of attorneys' fees, appear to be an attempt to add additional facts not permitted by M.R.Civ.P. 56(3), therefore the court will not consider them.]

*Standard of review*

When a court reviews a plaintiff's motion for summary judgment, we examine the evidence in the light most favorable to the defendant as the non-prevailing party. *Gorham Savings Bank v. Baizley*, 1998 ME 9, ¶ 6, 704 A.2d 398, 400. A party is entitled to summary judgment if there is no genuine issue of material fact and that party is entitled to judgment as a matter of law. *Chadwick -BaRoss, Inc., v. T. Buck Constr. Inc.*, 627 A.2d 532, 534 (Me. 1993). A material fact is one that has the potential to affect the outcome of the suit. *Legassie v. Bangor Publishing Company*, 1999 ME 180, ¶ 7, 741 A.2d 442, 444.

*Defendant has breached lease.*

Since there is no genuine issue of material fact as to whether Parker is in breach, the court hereby GRANTS summary judgment against Collins, as unconditional surety for Parker, for breach of contract with Wellin.

*Plaintiff has a duty to mitigate damages.*

If a tenant is removed for failure to pay rent or any other breach of a lease, the landlord may recover rent and damages except amounts which he could mitigate in accord with 14 M.R.S.A. § 6010-A(2). In any claim against a tenant for rent and damages, or for either, the amount of recovery shall be reduced by the net rent obtainable by reasonable efforts to rerent the premises. *Id.* "Reasonable efforts" means those steps which the landlord would have taken to rent the premises if they had been vacated in due course, provided that those steps are in accordance with local rental practice for similar properties. *Id.*

The landlord must allege and prove that he has made efforts to comply with his duty to mitigate. 14 M.R.S.A. § 6010-A(3). The burden is on the tenant, however, to show that a landlord's efforts were not reasonable, that the landlord's refusal of any offer to rent the premises or part of the premises was not reasonable, that any terms and conditions upon which the landlord rerented were not reasonable, and that any temporary use by the landlord was not part of reasonable efforts to mitigate. *Id.*

As there is a genuine issue of material fact as to whether Wellin failed to mitigate damages, the court DENIES Wellin's motion for summary judgment as to damages, and orders the issue of Wellin's mitigation of damages to be heard separately, and to be decided in accord with 14 M.R.S.A. § 6010-A and Maine law.

Wherefore:

Plaintiff's motion for summary judgment as to the issue of breach shall be GRANTED; Plaintiff's motion for summary judgment as to the issue of damages shall be DENIED.

15, 2002

_____
Roland A. Cole
Justice, Superior Court



Date Filed 09-25-01    Cumberland    Docket No. CV-01-527
County

Action CONTRACT

WELLIN & CO.

vs.

F. PARKER REIDY'S f/k/a MACOLO -DJ
DENNIS MARCHESI -DJ
FRANK COLLINS

| Plaintiff's Attorney | Defendant's Attorney |
|---|---|
| BRUCE B. HOCHMAN, ESQ.<br>477 Congress Street, 14th Floor<br>P.O. Box 15215<br>Portland, ME  04101-5215<br>(207) 874-4000 | Steven E. Cope Esq.  (Collins)<br>P.O. Box 1398<br>Portland, Maine 04101<br>772-7428 |

Date of
Entry