STATE OF MAINE                                    SUPERIOR COURT
                                                  CIVIL ACTION
SAGADAHOC, ss.                                    DOCKET NO. CV-03-032

DANIEL A. TRASK,

        Plaintiff

        v.                                        **DECISION AND ORDER**

ANDREWS B. CAMPBELL,

        Defendant

        Pending before the court is the defendant's motion for summary judgment which seeks final disposition of this case in his favor.

        The complaint filed by the plaintiff, Daniel Trask ("Trask"), pro se, is expressed in two counts. The first of these is entitled "Common Law Incompetent & Negligence," the second, "Punitive Damages." A reading of these yields the understanding that Trask, as the personal representative of his mother's estate, is alleging professional malpractice on the part of attorney Andrews Campbell who represented Trask's mother's estate in litigation but failed to take a variety of steps to properly prosecute the matter and was therefore negligent. Count Two asks for punitive damages because attorney Campbell ("Campbell") acted "with malice and willful disregard to the safety of Justice for 'Decedent,' Margaret L. Steele." Complaint, Count Two, ¶ 2.

        The pending motion presents the claim that Trask cannot succeed with his case because he has failed to designate an expert witness in this professional malpractice case who would testify as to the standard of care which Campbell is alleged to have breached. The records and the applicable law support this contention.

        According to the defendant's Statement of Material Facts, the scheduling order in this case provided that the plaintiff was to designate any expert witness not later than

three months from the date of the order, namely by April 21, 2004. The record also shows that the plaintiff never designated an expert either by that deadline or thereafter.

This failure to identify an expert is fatal to the plaintiff's case. That is because when a plaintiff's case is challenged via a motion for summary judgment, it is incumbent on that party to establish a prima facie case for each element of his cause of action. *Barnes v. Zappia*, 658 A.2d 1086, 1089 (Me. 1995). In a claim of professional negligence, a plaintiff must establish that the defendant attorney breached a duty he owed to the plaintiff to conform to a certain standard of conduct and that that breach proximately caused the plaintiff's loss. *Johnson v. Carleton*, 2001 ME 12, ¶ 11, 765 A.2d 571, 575. In order to meet this need, "expert evidence is required . . . to establish the attorney's breach of duty except in cases where the breach or lack thereof is so obvious that it may be determined by the court as a matter of law, or is within the ordinary knowledge and experience of laymen." *Jim Mitchell and Jed Davis, P.A. v. Jackson*, 627 A.2d 1014, 1017 (Me. 1993).

An examination of the plaintiff's complaint would not support the conclusion that Campbell's alleged errors or omissions were obvious ones or within the ordinary knowledge of laypersons. That is because the great bulk of Trask's grievances with Campbell's performance lay with the latter's decision as to whom to use as witnesses or his efforts to have Trask settle his mother's estate's case. In the court's view, the decision-making involved with the prosecution of a civil case, including the selection of witnesses and the efforts taken to encourage a client to settle are professional ones. That being so, only an attorney, as an expert witness, can establish what the requisite standard of care would be in these endeavors and what might constitute a breach of that standard. Accordingly, the failure of the plaintiff to designate an expert witness

means that he will be unable to prove this essential element of a legal malpractice case and he therefore cannot succeed with this case as a matter of law.

Although the motion for summary judgment is to be granted, it is worth briefly addressing the defendant's motion to strike even though it is unnecessary to do so by virtue of the court's action on the former motion.

In this motion, the defendant seeks to strike various submissions by the plaintiff in his effort to contest the summary judgment motion because they do not comport with M.R. Civ. P. 56(e).

More to the point, however, the document "Motion for Summary Judgment Be Dismissed in Support of Motion to Dismiss," which the court understands to be the plaintiff's opposition to the motion for summary judgment, does not meet the requirements of M.R. Civ. P. 56(h). That is because it purports to relate facts in the case but it does not correspond with the defendant's statement of facts, does not admit, deny or qualify its assertions, and gives no record references for its claims. Moreover, as the defendant has pointed out, documents identified as affidavits do not comport with the requirements of M.R. Civ. P. 56(e). As well, the documents attached to the plaintiff's "opposition" are unauthenticated and therefore inadmissible in a summary judgment contest. *Estate of Althenn v. Althenn*, 609 A.2d 711, 714 (Me. 1992).

From all this, the court concludes that the motion to strike must be granted because it does not satisfy the requirements for an opposition to a motion for summary judgment. The motion for summary judgment must also be granted because, as noted, infra, the plaintiff cannot succeed as a matter of law on count I of the complaint; further, because he cannot prevail on Count One, he cannot recover the punitive damages he seeks in Count Two.

Accordingly, the clerk is DIRECTED to make the following entries:

Motion to Strike is GRANTED. The submissions following page 5 of the plaintiff's document entitled, "Motion for Summary Judgment Be Dismissed in Support of Summary Judgment" are STRICKEN.

Motion for Summary Judgment is GRANTED. Judgment is ENTERED for the defendant on the plaintiff's complaint.

So ordered.

Dated: November 30, 2004

John R. Atwood
Justice, Superior Court